FLORIDA TRUST AND BANKING COMPANY, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF FLORIDA, *Plaintiff in Error*, v. CONSOLIDATED TITLE COMPANY, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 13, 1923.

Petition for rehearing denied January 17, 1924.

1. It is the function of the jury to weigh the evidence, determine its proabtive force, reconcile its contradictions and give such weight to the testimony of each witness who deposes as in their judgment conditions warrant.

2. This function of the jury when exercised will not be disturbed by the Appellate Court, unless it fully appears that the verdict cannot be reconciled with the manifest weight of the evidence and the justice of the case in which instance this Court should not through respect for the rule as above stated withhold its authority to set it aside.

On Petition for Rehearing

1. The primary question for determination in an action of replevin under our statute is one of wrongful detention.

2. We think the decided weight of authority supports the rule that in replevin damages will be the value of the property at the time of taking or unlawful detention with interest

from date of taking. Interest as here used is ordinarily the interest on the value, but conditions may arise in which interest would be measured in use value, or in other terms.

This case was decided by Division B.

A Writ of Error to the Circuit Court for DeSoto County; George W. Whitehurst, Judge.

Reversed.

*Treadwell & Treadwell,* for Plaintiff in Error.

*Leitner & Leitner and Mabry, Reaves & Carlton,* for Defendant in Error.

TERRELL, J.—Plaintiff below brought an action of replevin in the Circuit Court of DeSoto County against Florida Trust & Banking Company for the purpose of recovering possession of "the complete abstract business of the Consolidated Title Company, consisting of abstract books, typewriters, multigraph machine and fixtures, desks, tables, typewriter tables, cabinets, filing cabinets, chairs, waste baskets, water coolers, electric fans, rugs, pencils, pencil sharpeners, rubber stamps, scissors, fastening machines, screw drivers, maps, index records, plat books, miscellaneous books, loose leaf indexes, filing dockets, order books, index books, a large lot of abstract supplies consisting of books, carbon sheets, sheets, letter files and letters, journals, and a full supply of take-off sheets of DeSoto County, and various other sundries in connection with said abstract business, all of the value of $25,-000.00," and $50,000.00 damages for its detention.

A trial was had and the jury awarded the abstract business as above to the plaintiff, found the value thereof to

be $18,000.00, and assessed $1,200.00 damages against the defendant for the detention of the said business.

Final judgment was rendered for the plaintiff in accord-ance with the verdict, and defendant took writ of error.

We think that the motion for new trial should have been granted. An inspection of the whole record discloses that the business in question had been operated for years at a loss, that certain of the stockholders had frequently ad-vanced funds from their personal account for operating expenses, and that the minority stockholders acquired the stock of the majority stockholders at thirty cents on the dollar, or an equivalent of less than $9,600.00 on the prop-erty involved in this litigation. The last named amount being the sum agreed on for a sale of the said abstract business to the defendant.

One witness being an experienced abstractor and who had been an employee of the plaintiff, testified that the property in litigation had never paid a dividend, yet in his opinion it was worth $25,000.00, while four experienced abstractors familiar with the plant testified that the said propeprty had a value of from $8,500.00 to $10,000.00, and the officers in June, 1919, had agreed on a sale of said property for $9,600.00.

It is a fact that the value as fixed by the jury was about two years subsequent to the agreed sale, but nothing ap-pears in the record which would tend to show an increase in the value during this time, and no other evidence was introduced on the question of value or damages. The value found is not sustained by the probative force of the evidence.

It is the function of the jury to weigh the evidence, de-termine its probative force, reconcile its contradictions and give such credence as their judgment shall dictate to the testimony of each witness who deposes. This function of

the jury when exercised will not be disturbed by the appellate court when it appears that the verdict is in keeping with the justice of the case; but when it fully appears to the court that the verdict of the jury cannot be reconciled with the manifest weight of the evidence and the justice of the cause, this court should not through respect for the rule as above stated withhold its authority to set it aside.

The verdict in this case is grounded on the evidence of facts somewhat complicated and entirely contradictory; it does not appear to reach a just, or substantially just conclusion, contradicts the weight of the testimony and we must therefore conclude that the jury was actuated by some cause which should not have influenced them. Schultz v. Pacific Insurance Co., 14 Fla. 73, text 93, 94.

Other questions presented in this case are not decided.

The judgment of the Circuit Court of DeSoto County is reversed.

WHITFIELD, P. J., AND WEST, J., Concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., Concur in the conclusion.

### On Petition for Rehearing.

TERRELL, J.—The petition for rehearing is based on seven grounds, all of which were thoroughly considered and passed on in connection with the main opinion.

The primary question for determination in an action of replevin under our statute is one of wrongful detention, and since this cause goes back for a new trial, we think it proper in line with the suggestion of attorneys for defendant in error in their petition for rehearing to express our views on some of the assignments of error not discussed in the main opinion.

Assignments eleven and twelve to the effect that the court erred in admitting contracts of sale made by defendants covering certain units of the abstract plant in question are not well founded, and we think this testimony was properly admitted. The assignments challenging the manner of valuing the articles and the wording of the judgment in that it used the word "business" instead of "plant," and that it erroneously used the word "fixtures," are also without merit.

On the question of whether the value should be fixed as of the time of unlawful detention or as of the time of trial we think the decided weight of authority supports the rule that in replevin damages will be the value of the property at the time of taking or unlawful detention with interest from date of taking. Interest as here used is ordinarily the interest on the value, but conditions may arise in which interest would be measured in use value, or in other terms. For a full discussion of this rule see Fell v. Union Pac. R. Co., 32 Utah 101, 88 Pac. Rep. 1003, 28 L. R. A. (N. S.) 1, text 42. A careful examination of the authorities supporting the exceptions to the rule as here announced appear to be based on conditions not prevailing in this State, and the record discloses nothing to take the case at bar out of the rule. 23 R. C. L. 914, par. 77, 78, 79.

Other questions with reference to the form of judgment and instructions of the court on ownership or title are not discussed here because the sureties are not before the court, and the evidence at the next trial may present an entirely different state of facts.

The petition for rehearing is denied.

WHITFIELD, P. J., AND WEST, J., Concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., Concur in the Opinion.