B. L. DEMMON, *Plaintiff in Error*, v. W. H. MILLSOM, *Defendant in Error*.

En Banc.

Opinion filed October 21, 1930.

*Pat Johnston,* for Plaintiff in Error;

*Milton Pledger,* for Defendant in Error.

DAVIS, Commissioner:

An action of replevin was instituted in the Circuit Court of Osceola County for possession of certain barber fixtures and the cause went to trial upon the general issue. The plaintiff being the owner of a building, leased to the defendant (plaintiff in error here) a room therein for the period of five years at a rental of $50.00 per month. The lease contained a provision which reads as follows:

"It is expressly understood and agreed that should the lessee quit the premises at any time before the expiration of this lease that the lessee shall leave and deliver to the lessor all the fixtures placed by the lessee in the said barber shop."

The lessee paid his rent for a number of months and just prior to the expiration of the last month for which rent had been paid, he removed the fixtures from the building, whereupon and before another month's rent was due, the lessor brought this action. A judgment was rendered in favor of the plaintiff. A number of errors have been assigned in this Court, but it is stated by the plaintiff in error that:

"The sole point presented by this appeal, and intended to be raised by the assignment of errors, is whether or not an action of replevin lies in the instant case."

The primary question for determination in an action of replevin under our statute is one of wrongful detention. Florida Tr. & Banking Co. v. Consolidated Title Co., 86 Fla. 317, 98 So. R. 915.

A plea of not guilty in replevin puts in issue, not only the right of plaintiff to the possession of the property replevined, but also the wrongful taking and detention. Under such a plea the defendant can give any evidence of special matter which amounts to a defense to the plaintiff's cause of action to show that plaintiff is not entitled to the possession of the property. Richbourg v. Rose, 53 Fla. 173, 44 So. R. 69, 125 A. S. R. 1061, 12 Ann. Cas. 274; Burnett v. Soule, 78 Fla. 507, 83 So. R. 461; Gracy v. Seaboard Air Line Ry., 69 Fla. 301, 68 So. R. 722; Delco Light Co. v. John Leroy Hutchinson Properties, 128 So. R. 831.

For a recovery of a judgment, plaintiff relied solely upon the evidence of abandonment of the premises prior to the expiration of the term and the quoted provision of the lease. The property in litigation was in actual possession of the defendant and the proof does not show that it was at any time in the actual or constructive possession of the plaintiff. If the defendant repudiated his contract without just cause, the plaintiff unqestionably had the right to sue for a breach of the contract. Such a repudiation, however, was not sufficient to transfer to the plaintiff the title to the personal property in question. The quoted provision of the lease is not broad enough to show a mutual agreement to a present transfer of the absolute or general title to said property which would draw after it the right to its

possession (22 R. C. L. 81; Richbourg v. Rose, *supra*). It indicates somewhat an intention to transfer to the lessor a temporary or qualified property in the fixtures; for instance such as goes with a pledge or bailment, but is not sufficient for that purpose in that a delivery of possession of the property has not been shown.

The verdict is not supported by the evidence. The judgment is, therefore, reversed and a new trial awarded.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as it opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby, reversed and a new trial awarded.

TERRELL, C. J., and WHITFIELD, ELLIS, STRUM, BROWN, and BUFORD, J. J., concur.