W. H. MILLSOM, *Plaintiff in Error,* vs. B. L. DEMMON,
*Defendant in Error.*
144 So. 332.
Division A.
Opinion filed November 9, 1932.
Petition for rehearing denied November 25, 1932.

*Milton Pledger,* for Plaintiff in Error;
*Johnston & Rogers,* for Defendant in Error.

BUFORD, C. J.—This case was before us heretofore and
judgment for plaintiff was reversed (Demmon vs. Millsom,
100 Fla. 955, 130 Sou. 462) and the cause remanded for
new trial. When the case came on for trial the judgment
and mandate of this court having precluded recovery by
plaintiff, the only question left for determination was the
assessment of damages for which the plaintiff was liable
under the terms of his replevin bond. To arrive at a cor-
rect answer to this question it was necessary to ascertain
the true value of the property at the time it was wrong-
fully taken by plaintiff. Fla. Trust & Banking Co. vs.
Consolidated Title Co., 86 Fla. 317, 98 Sou. 915; Voges
Motor Co. vs. Ward, 98 Fla. 304, 123 Sou. 785.

The plaintiff proffered to prove the true value of the
property but the court below held that the plaintiff was
bound by the allegations of his affidavit and bond in re-
plevin. The Court also refused to allow an amendment

fixing the value at a less amount than that originally alleged. There was no error in the latter ruling, as to have allowed such amendment would have affected a vested right in defendant to recover the true value of the property as it might have been ascertained by evidence not exceeding the amount named in the bond. The question of the true value, however, was not determined by the allegations of the affidavit and the amount of the true value was open to be determined from all the evidence. It was error to exclude evidence tending to prove the true value of the property. There was no evidence of value submitted to the jury except the affidavit in replevin.

The plaintiff interposed what he called a plea of set-off. By this he attempted to set-off an amount alleged to have been due for rent to plaintiff by the defendant as against the amount recoverable by defendant against plaintiff in the replevin action. The effect of allowing such a plea to stand would be equivalent to joining in one action a suit in replevin with a suit on contract in violation of Section 2585 R. G. S., 4225 C. G. L.

There was no error in refusing to allow the so-called plea. The judgment should be reversed. It is so ordered.

Reversed.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.

ELLIS, J., concurring.—I agree to a reversal because of error in the matter of allowing evidence of the value of the property as a basis for defendant's recovery on the replevin bond. The plea of set off has no place in the cause by any system of pleading in force in this State.

DAVIS, J., concurring.—I concur in the opinion and in the judgment of reversal. The replevin laws were amended in 1923 to make clear the intent of the law to allow a judgment only for the *true* value of what was involved in the

208

replevin issue at the time of the suit, not any fictitious value stated in pleadings or otherwise.

The plea of set off was not the proper remedy for plaintiff. Plaintiff's remedy would be a set off in equity of his alleged claim against the defendant in replevin, *after* judgment is entered in this case in the defendant's favor, if the defendant is deemed to be incapable of responding to an independent judgment against him in plaintiff's favor. See 24 R. C. L. 803 et seq.

BUFORD, C.J. AND WHITFIELD, J., concur.

BROWN, J., dissenting.—This had ceased to be strictly an action of replevin. We held in the first appeal that replevin did not lie. So this became in effect a suit for damages on the replevin bond. In such a situation, I am inclined to think the set off for rent due was allowable, this property, which had been sought to be replevied, having been located in the rented premises.