CENTRAL FARMERS TRUST COMPANY, Etc., Successor Trustee, Etc., JOHN R. BEACHAM, Agent, Purchaser at Master's Sale; and JOHN C. GREGORY, Assignee of Foreclosure Purchaser, v. McCAMPBELL FURNITURE STORES, INC., et al.

173 So. 908.

Division A.

Opinion Filed April 19, 1937.

*Beacham & Gaulden,* for Appellants;

*A. S. Bussey,* for Appellees.

BUFORD, J.—This is the second appearance of this case here. See McCampbell Furniture Stores, Inc., v. Central Farmers Trust Co., as Successor Trustee, *et al.,* 117 Fla. 351, 158 Sou. 283.

The salient fact disclosed by the transcript of the record on this second appeal which did not appear in the record

on the first appeal is that prior to the execution and delivery of the chattel mortgage referred to in the former opinion McCampbell Furniture Stores, Inc., had instituted a law action against Palm Beach Securities Corporation based upon ten of the promissory notes aggregating $8,193.33, given for the purchase price of the furniture involved. It has occurred to us that probably the Chancellor had taken judicial cognizance of the institution of this suit at the time he entered the original final decree as it was a record of a suit between the same parties in the court over which he presided on the law side as well as the chancery side and that the knowledge of this condition influenced him in rendering the decree 'from which the first appeal was taken. But that fact did not appear before this Court.

Now that the fact above stated does appear there is but one conclusion to reach and that is that whether McCampbell Furniture Stores, Inc., retained title to the property when it made a sale of the property to Palm Beach Securities Corporation is no longer of any consequence because the record shows that if title was retained by McCampbell Furniture Stores, Inc., in its transaction with Palm Beach Securities Corporation on July 28, 1926, that title passed to Palm Beach Securities Corporation by operation of law on July 24, 1928, when McCampbell Furniture Stores, Inc., elected to consider the result of the transaction a debt and filed suit at law on the matured notes to enforce payment of that debt. See American Process Co. v. Fla. White Pressed Brick Co., 56 Fla. 116, 47 Sou. 942; Voges v. Ward, 98 Fla. 304, 123 Sou. 785; Baer, et al., v. General Motors Acceptance Corporation, 101 Fla. 913, 132 Sou. 817; Commercial Credit Co. v. Miller, 111 Fla. 554, 149 Sou. 482; Helton, et ux., v. Sinclair, 93 Fla. 1121, 113 Sou.

568; Jackson v. Wade Mfg. Co., 102 Fla. 972, 136 Sou. 689, and cases cited in these opinions.

At the time this suit was filed there was no chattel mortgage in existence in favor of McCampbell Furniture Stores, Inc. That mortgage was made, executed and delivered four days later, to-wit July 28, 1928, and it created no better lien in favor of McCampbell Furniture Stores, Inc., than it would have had had it been made to a stranger to former transactions. When the title passed to Palm Beach Securities Corporation the title to the furniture thereupon became subject to the trust lien *eo instante*. See Marion Mortgage Co. v. Teat, 98 Fla. 713, 124 Sou. 172.

The adjudication of this question necessarily devides the case and it is not necessary to discuss other questions presented. It may be well for us here to refer to the fact that after the opinion was filed on the original appeal petition for rehearing was presented and, on consideration of that petition, the decree was reversed and the cause remanded for further evidence to be taken in due course of proper procedure upon the question of whether or not the title to the furniture had in law and in fact passed from McCampbell Furniture Stores, Inc., to Palm Beach Securities Corporation. Such evidence has been taken and submitted in the second appeal here.

For the reasons hereinbefore stated, the decree appealed from is reversed and the cause remanded with directions that a decree be entered in accordance with the views herein expressed.

It is so ordered.

Reversed.

ELLIS, C. J., and TERRELL, J., concur.

724 

WHITFIELD, P. J., and BROWN, J., concur in the opinion and judgment.

DAVIS, J., dissents.