**J. H. KAUFMAN v. INTERNATIONAL HARVESTER COMPANY, a corporation.**

14 So. (2nd) 387                                                    June Term, 1943
June 15, 1943                                                       Division A
Rehearing Denied July 24, 1943

*Futch & Futch,* for appellant.
*P. C. Gorman,* for appellee.

TERRELL, J.:

J. H. Kauffman executed his conditional sales note due in four installments to Orange Belt Truck and Tractor Company. Before any of the installments were due, the note was assigned to International Harvester Company. Kauffman failed to pay installments one and two when due so in March, 1942, the assignee of the note brought a common law action

to recover the full amount of the note with interest and attorney's fees. At the trial, the court instructed a verdict for the plaintiff, on which final judgment was entered and defendant appealed.

Two questions are urged: (1) Was the note negotiable, and (2) Were its terms such that its payment could be accelerated on default in taking up the first and second installments, the third and fourth installments not having matured?

The rule is settled in this State that when property is sold on a credit and title reserved by the vendor, upon breach of conditions of the sale, the vendor may treat the sale as absolute and sue for the price thereof or he may treat the sale as cancelled and recover the property but he will not be permitted to pursue both courses. American Process Co. v. Florida Press Brick Co. 56 Fla. 116, 47 So. 942; Central Farmers Trust Co. et al., v. McCampbell Furniture Stores, Inc., et al., 128 Fla. 60, 174 So. 748.

We think the last cited cases conclude the case at bar so the judgment is affirmed.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.