HORTON, Judge.
This appeal is from a summary judgment in replevin which awarded to appellee possession of a 1960 Ford Thunderbird automobile and judgment in the sum of $5,-107.60 for its value.
The Ford automobile, the subject matter of replevin, was originally sold by the appellant to Ball Construction Co. and delivered to Robert W. Ball, president, who executed a retain title contract providing for a down payment of $1,000, with the *622 balance of $4,107.60 due in one month. At Ball’s request, the appellant delivered the automobile to appellee. The $1,000 check given by Ball as a down payment was dishonored by the bank, rendering Ball in default. The sale occurred on August 12, 1960, and on September 2, 1960, appellant filed an action against Robert W. Ball, Ball Construction Co. and Anna Jameson to recover $5,107.60, which was the sales price of the automobile. This action is pending in the circuit court of Dade County.
On September 27, 1960, appellant filed this replevin action against appellee and secured possession of the automobile. Both parties filed motions for summary judgment. The trial court granted the appel-lee’s motion and entered the-judgment appealed.
Basically, the appellant argues two points upon which it relies for .reversal. The first is directed to the trial court’s finding that the appellee was entitled to possession as a matter of law. The second is directed to the award of $5,107.60.
As observed in 7 Blashfield, Automobile Law and Practice, Perm.Ed., § 4631:
“The general rule in most jurisdictions * * * is that, under a contract of conditional sale by which title is not to pass to the buyer until the price is paid, possession having been given to the buyer and the seller having a right to take possession upon default in payment, the seller upon such default is put to his election, either to retake possession and relinquish the right to the price or to recover the price and relinquish the right to retake possession, and that, if he pursues one remedy, he loses his right to the other.”
This rule was adopted by the Supreme Court of Florida in Voges v. Ward, 98 Fla. 304, 123 So. 785, 788, wherein the court said:
“[T]he general rule is that, when the seller elects to sue for the recovery of the debt, he thereby affirms the sale, thus waiving his rights to repossess the property, and the title to the property vests absolutely in the buyer. Estrich on Installment Sales, § 317, citing numerous cases; American Process Co. v. Fla. White Pressed Brick Co., 56 Fla. 116, 47 So. 942, 16 Ann.Cas. 1054; Helton v. Sinclair, 93 Fla. 1121, 113 So. 568.”
See Baer v. General Motors Acceptance Corp., 101 Fla. 913, 132 So. 817; Commercial Credit Co. v. Miller, 111 Fla. 554, 149 So. 482; Central Farmers’ Trust Co. v. McCampbell Furniture Stores, Inc., 128 Fla. 60, 174 So. 748'; Kauffman v. International Harvester Co., 153 Fla. 188, 14 So.2d 387.
The appellant, having first sought recovery of the sales price, treated the sale as absolute and would not thereafter be permitted to retake possession. Where, as here, the automobile has not been redelivered to the appellee upon forthcoming bond, the trial court was correct in entering judgment against the appellant for possession of the property, and against it and its sureties for the value thereof and costs. Under the judgment rendered, the appel-lee has an election as provided by the statutes. See §§ 78.19, 78.20, 78.21, Fla.Stat., F.S.A.
On the matter of the value of the automobile, it is our view that the portion of the judgment awarding $5,107.60 was error.
To arrive at the correct amount, it is necessary to ascertain the true value of the property at the time it was wrongfully taken by the appellant. Voges v. Ward, supra. The sole basis in the record to support the sum of $5,107.60 is the pleadings of the appellant filed in conjunction with the writ of replevin. We conclude the determination of the value of the automobile at the time of replevin constitutes a genuine issue of fact that could not be resolved by summary judgment. Although the appellant’s statements as to the value of the car may be considered, nevertheless they are not so conclusive as to warrant *623 summary judgment. The value should be based upon competent evidence. Millsom v. Demmon, 107 Fla. 206, 144 So. 332; State ex rel. O’Hara v. Justice, Fla.1959, 109 So.2d 761. See Wood v. Weeks, Fla. 1955, 81 So.2d 498; Klein v. G. F. C. Corporation, Fla.App.1958, 103 So.2d 120; contra, Malsby v. Gamble, 61 Fla. 310, 54 So. 766.
Accordingly, the judgment appealed is affirmed in part and reversed in part, and the cause is remanded for trial upon the issue of the value of the automobile.
Affirmed in part, reversed in part and remanded.