GERALD, LYNN, Associate Judge.
Appellant, Plaintiff below, appeals from an adverse judgment entered by the Trial Court.
On or about December 9, 1959, the Appellant’s assignor entered into a conditional sale contract with the Defendant. Thereafter, the contract was assigned to the Plaintiff, who, on September 14, 1961, instituted this action seeking to recover the balance due on the contract. On October 31, 1961, a default was entered against the Defendant for failure to answer or otherwise plead to the Plaintiff’s Complaint. The Appellant then discovered and repossessed the subject matter of the contract, i. e. an automobile. After giving the Appellee credit for the value of the automobile, the Appellant moved for final judgment. The Trial Court denied the Appellant’s motion saying in part:
“It appearing to the Court that the Plaintiff in the above cause repossessed the motor vehicle which is the subject matter of the contract sued upon, and the Plaintiff has elected its remedy and is thus barred from obtaining a judgment for any deficiency.”
A final judgment in favor of the Appel-lee was entered July 3, 1962.[1]
The Appellant contends that the Trial Court erred in holding that it had elected its remedy by repossessing the subject matter of the contract sued upon and thereby became barred from obtaining a money judgment for the deficiency. We agree with the Appellant’s contention.
When the Plaintiff filed this action seeking to recover on the contract, it, at that time, elected its remedy. Cecil Holland Ford, Inc. v. Jameson, 132 So.2d 621, Fla. D.C.A. 3rd, 1961. The Defendant could have invoked the doctrine of election of remedies as a defense to the repossession, but she did not. The instant action having been instituted prior to the time the automobile was repossessed, the repossession could not operate as a bar to this action.
The principle announced in Mizell Live Stock Co. v. J. J. McCaskill Co., 62 Fla. 239, 56 So. 391, 392, controls the case at bar. There, our Supreme Court said:
“It will be observed that the defendant by its special plea invoked the doctrine of election of remedies as a bar to this replevin suit; the election consisting in the institution of a foreclosure suit brought subsequently to this action. The doctrine of election of remedies, when it applies at all, applies as a general rule to the first pronounced act of election or suit, and makes it a defense to the prosecution of a second inconsistent suit or remedy.”
*520 In accordance with the opinions expressed herein, the judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
KANNER, Acting C. J., and SHANNON, J., concur.

. 28 O.J.S. Election of Remedies, § 28: “An election of remedies being an affirmative defense, it must be pleaded in order to be available.”