HORTON, Judge.
The appellant sued the appellees to recover on a promissory note allegedly endorsed by the appellees. The note had been executed by Mobile Units Manufacturing, Inc., and was secured by a chattel mortgage upon certain trucks. The note was payable in monthly installments commencing July 2, 1962. After two payments were made, the note became in default and this suit resulted. The appellees answered admitting the allegations of the complaint except to deny that they executed the note in the capacity of endorsers but on the contrary alleged they executed the same as guarantors. In addition, as affirmative defenses, appellees contend (1) that their guarantee was given without consideration, and (2) that the appellant had elected its remedy by physically repossessing the trucks pledged under the chattel mortgage as security for the promissory note sued on, and therefore was precluded from prosecuting this action. Both parties filed motions for summary judgment and, after Rearing thereon, the court granted summary judgment in favor of appellees and this appeal ensued.
The appellant contends that the appellees are endorsers of the promissory note; that there was consideration therefor; and whether or not it had prosecuted a chattel -mortgage foreclosure in the state of Texas -and obtained possession of the chattels under lien did not constitute an election of remedies. On the other hand, the appellees :argue that the appellant has elected its remedy by terminating the contract and repossessing the chattels and that it is bound by such election and therefore should not be permitted to proceed. The summary judgment was apparently rendered upon the pleadings, depositions and exhibits of record, which exhibits, among others, contained a copy of a final judgment in foreclosure rendered in the District Court of Dallas County, 116th Judicial District, Dallas County, Texas, wherein the appellant was plaintiff, and Mobile Units Manufacturing, Inc., a corporation, and Peter Plenty of Dallas, Inc., were defendants. This judgment of foreclosure adjudicated the balance due on the promissory note secured by the chattel mortgage, rendered judgment in favor of the plaintiff and against the defendants for the unpaid principal balance of the note, plus interest and attorney’s fees, described the chattels subject to the adjudication of foreclosure and authorized the seizure and sale of the property by a sheriff or any constable of the state of Texas to satisfy the judgment.
A representative of the appellant corporation testified on deposition that the chattels were being held in storage in Dallas, Texas, in the possession of the appellant, but he was unable to say whether the chattels had been peaceably repossessed or seized under the foreclosure decree of the Texas court.
 Without deciding the merits of the questions posed by’ the respective parties, we deem it necessary to consider whether or not the pendency of the action in the Texas court involving the same subject matter is a ground for abatement or a stay of proceedings in the pending suit in the Circuit Court of Dade County, Florida. The pendency of a prior action in a foreign jurisdiction is not grounds for abatement of a subsequent action in Florida. State ex rel. Dos Anigos, Inc. v. Lehman, 100 Fla. 1313, 131 So. 533. However, irrespective of the fact that the prerequisites necessary to sustain a plea in abatement are not met, the state courts, with only a few exceptions, have recognized the power to stay a proceeding until the determination of a prior pending action. See Wade v. Clower, 94 Fla. 817, 114 So. 548; State ex rel. Sherrill v. Milam, 116 Fla. 492, 156 So. 497; and 1 Fla.Jur., Abatement & Revival, § 9, p. 14. The general rule as to the stay of later actions in one jurisdiction on account of the pendency of a prior action in another ju *819 risdiction contemplates that the cause of action on which the two actions are predicated or the issues involved are identical. In this instance it was the debt secured by the chattel mortgage that was the cause of action in each case. The chattel mortgage was security for the note that represented the debt. It is obvious from the final judgment in foreclosure entered by the Texas court that it had to adjudicate upon the debt represented by the promissory note before it could accord to the appellant the remedy of foreclosure. Likewise the Circuit Court of Dade County, Florida, was concerned with the existence of the debt, the amount, and whether or not it was in default as well as the liability of the appellees, if any, in regard to that debt.
The elements considered in invoking the exercise of the court’s authority to stay an action are based upon consideration of comity to the courts of other jurisdictions, the prevention of multiplicity of suits, as well as the prevention of unnecessary vexation and harassment of the defendant or defendants by unnecessary litigation. See 19 A.L.R.2d 301. Since the record in this cause fails to disclose how the appellant came into possession of the chattels which were pledged as security for the payment of the debt represented by the promissory note, it would be premature for a court in Florida to determine whether or not the appellant had made an election of its remedies under the chattel mortgage sued on in the state of Texas. It will be time aplenty when the Texas proceedings have been concluded for the court, upon appropriate amendment of pleadings and the filing of evidence of the completion of the action in the mortgage foreclosure suit in Texas, to decide the question of election of remedies and other matters which may be raised by the parties.
It is, therefore, the opinion of this court that the proceedings in this cause in the circuit court should be stayed and suspended until the action in the District Court of Dallas County, Texas, 116th Judicial District, has been finally concluded. The Circuit Court of Dade County may require such documentary evidence of the conclusion of the Texas proceedings as it deems necessary and appropriate. It follows that the summary judgment appealed is reversed, and the cause is remanded with directions to stay all proceedings in the cause until proof of the final determination of the proceedings in the Texas court has been filed in the cause, at which time the circuit court may permit amendments to the pleadings as the facts, circumstances and justice of the cause require.
Reversed and remanded with directions.