ERVIN, Justice.
We have a petition for writ of ctertiorari to the District Court of Appeal, Third District, to review its decision in A. J. Armstrong Co., Inc., v. Romanach, 165 So.2d 817 (Fla.App.3rd 1964).
It appears from the opinion below that Mobile Units Manufacturing, Inc., executed a promissory note to respondent as payee to cover the purchase price of certain trucks and secured it by a chattel mortgage covering the trucks. Petitioners either endorsed or guaranteed the note. Upon failure of payment of the note, respondent sued petitioners, as endorsers, in the Circuit Court of Dade County, Florida. Petitioners, among other defenses, alleged respondent had elected its remedy by physically repossessing the trucks pledged under the chattel mortgage and therefore was precluded from maintaining suit against petitioners to collect on the note. The Circuit Court granted summary judgment in favor of petitioners. Further outlining the facts, we set forth the following excerpts from the opinion of the District Court of Appeal:
“ * * * The summary judgment was apparently rendered upon the pleadings, depositions and exhibits of record, which exhibits, among others, contained a copy of a final judgment in foreclosure rendered in the District Court of Dallas County, 116th Judicial District, Dallas County, Texas, wherein the appellant was plaintiff, and Mobile Units Manufacturing, Inc., a corporation, and Peter Plenty of Dallas, Inc., were defendants. This judgment of foreclosure adjudicated the balance due on the promissory note secured by the chattel mortgage, rendered judgment in favor of the plaintiff and against the defendants for the unpaid principal balance of the note, plus interest and attorney’s fees, described the chattels subject to the adjudication of foreclosure and authorized the seizure and sale of the prop *446 erty by a sheriff or any constable of the state of Texas to satisfy the judgment (Emphasis ours.)
“A representative of the appellant corporation testified on deposition that the chattels were being held in storage in Dallas, Texas, in the possession of the appellant, but he was unable to say whether the chattels had been peaceably repossessed or seized under the foreclosure decree of the Texas court (Emphasis ours.)
* * * * * *
“ * * * Since the record in this cause fails to disclose how the appellant came into possession of the chattels which were pledged as security for the payment of the debt represented by the promissory note, it would be premature for a court in Florida to determine whether or not the appellant had made an election of its remedies under the chattel mortgage sued on in the state of Texas. It will be time aplenty when the Texas proceedings have been concluded for the court, upon appropriate amendment of pleadings and the filing of evidence of the completion of the action in the mortgage foreclosure suit in Texas, to decide the question of election of remedies and other matters which may be raised by the parties. " * * * The Circuit Court of Dade County may require such documentary evidence of the conclusion of the Texas proceedings as it deems necessary and appropriate. It follows that the summary judgment appealed is reversed, and the cause is remanded with directions to stay all proceedings in the cause until proof of the final determination of the proceedings in the Texas court has been filed in the cause, at which time the circuit court may permit amendments to the pleadings as the facts, circumstances and justice of the cause require.”
It is our opinion that notwithstanding the District Court of Appeal reversed the Circuit Court in order only to stay and suspend the proceedings in the cause in the Circuit Court, and stated it did not reach the merits, in so doing it did — for all practical purposes — conflict with Malone v. Meres, 91 Fla. 709, 109 So. 677; American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, 47 So. 942; Helton v. Sinclair, 93 Fla. 1121, 113 So. 568; Voges v. Ward, 98 Fla. 304, 123 So. 785; Kaufman v. International Harvester Co., 153 Fla. 188, 14 So.2d 387; Baer v. General Motors Acceptance Company, 101 Fla. 913, 132 So. 817; and Intertype Corporation v. Pulver, 101 Fla. 1180, 135 So. 793, relied upon by the petitioners,
The testimony of the rpresenta-tive of the respondent was to the effect that
“ * * * the chattels were being held in storage in Dallas, Texas in the possession of the appellant [respondent], but he was unable to say whether the chattels had been peaceably repossessed or seized under the foreclosure decree of the Texas court.” (A. J. Armstrong Co. v. Romanach, Fla.App., 165 So.2d 817, 818.)
The facts of the possession of the trucks were peculiarly in the knowledge of the respondent and not in the knowledge of the petitioners, the defendants below. When respondent admitted the trucks were in its possession it became incumbent upon it or its representative to explain to the trial court the basis upon which such possession rested. That was the crucial issue before the trial court made by the pleadings and once the respondent admitted it had possession of the trucks the burden lay upon it to explain the basis upon which it held them. Upon failure of respondent to give such explanation it was proper for the trial court without reservation to apply the doctrine of election of remedies enunciated in the above cases relied upon by petitioners and decide the issue upon the merits. What the District Court of Appeal has done is to refuse to confirm the application *447 of the doctrine to the facts of the case made before the trial court, and to authorize reopening of the case for further possible evidence or showing, despite the fact each party had his (its) day in court after due notice and full opportunity to present his or its evidence pro or con the issue made by the pleadings. In staying the proceedings in the face of the stated factual situation, the District Court of Appeal withheld the application of the doctrine to the facts as they appeared at the trial and opened a possible avenue for the respondent to seek a change of situation through the foreclosure proceedings in Texas.
Having found the decision of the District Court of Appeal conflicts with said prior decisions of this Court, we also find in considering the merits that the record strongly supports the decision reached in the Circuit Court
In the testimony of Mr. Martin V. Alonzo, Assistant Vice-President of the respondent A. J. Armstrong Company, Ino, the following appears:
"Q Mr. Alonzo, what has happened to the six ice cream trucks?
“A I believe they are stored in Texas.
"Q By whom?
“A I believe our attorney has them in storage.
“Q On your behalf?
“A Well, legally on whose behalf I don’t know. He’s storing the trucks to make sure nothing happens to them and we’re looking to — we’re trying to find someone to purchase the trucks and we have been unsuccessful.
“Q When did your attorney on your behalf take possession of the trucks?
"A I don’t know the exact date.
“Q Will you check your file and tell me the exact date.
“A Our files indicate that we have been paying for storage since April 1, 1963.
* * * * * *
“Q So the best your records indicate is that as of April 1 you had possession of the trucks?
“A That’s correct.
“Q How did you get possession of the trucks ?
“A I don’t know.
“Q Will you check vour file and find out?
“A I don’t think my file indicates that
“Q When was the first time you were informed that your company had repossessed the trucks?
“A Some time in the spring of 1963.
“Q But the method of repossession is unknown to you?
“A That’s right.
“Q And you are currently holding them in storage for sale?
"A That’s correct
* * * * * 4=
“Q As far as you do know, however, the possession that your company has retaken has been outside the machinery of the law? It has been just a personality (sic) repossession?
“A I think it- was a voluntary conveyance of the trucks.”
The decision of the District Court of Appeal is quashed with directions that the summary judgment of the Circuit Court be reinstated.
DREW, C. J., and THOMAS, ROBERTS and CALDWELL, JJ., concur.