## J. T. THOMPSON v. MRS. EDNA GUNTNER

36 So. (2nd) 826                          June Term, 1948
September 28, 1948                              En Banc

*J. M. & H. P. Sapp,* for appellant.

*Mercer P. Spear,* for appellee.

CHAPMAN, J.:

This is a suit in replevin having substantially the following factual background: The plaintiff, J. T. Thompson, on December 27, 1946, owned and operated the Montgomery Motor Company, of Montgomery, Alabama, and was a dealer in automobiles. Louis F. Spurlock lived in Troy, Alabama, and Mrs. Edna Guntner, at the time of the filing of this suit, lived or resided in or near Panama City, Florida. Mr. Spurlock and Mrs. Guntner, on December 27, 1946, traveling together in a 1941 DeSoto sedan owned by Mrs. Guntner, went to the place of business of the Montgomery Motor Company, in Montgomery, Alabama, and requested a trade of the 1941 DeSoto in which they were traveling for an Oldsmobile 4-door sedan. The several details of the trade of the cars were handled by Mr. R. H. Howell for the Montgomery Motor Company in the presence of the owner, Mr. Thompson.

The 1941 DeSoto owned by Mrs. Guntner was subject to a lien in the sum of $205.00 in favor of Eaton Finance Company of Panama City, Florida. The Montgomery Motor Company paid the amount of said lien and accepted a transfer of the title certificate from Mrs. Edna Guntner of the 1941 DeSoto automobile at an agreed trade-in value of $250.00, and the agreed purchase price of the 4-door 1946 model Oldsmobile was the sum of $2500.00. The terms of the trade required payment to the Montgomery Motor Company in the sum of $2250.00, plus the amount of the lien of $205.00, making a

total of $2455.00. Louis F. Spurlock gave a check for said amount and received from the Montgomery Motor Company a bill of sale to the Oldsmobile and both drove away in it.

The Spurlock check proved worthless and he was later arrested, informed against, and, on arraignment entered a plea of guilty and was by the trial court in Montgomery sentenced to serve in the State Prison of the State of Alabama for a period of three years for the giving of this worthless check. The Oldsmobile was located or found in the posession of Mrs. Edna Guntner, of Panama City, Florida. The Montgomery Motor Company filed a suit in replevin in the Circuit Court of Bay County, Florida, for the possession of the Oldsmobile and upon the trial of the issues in the court below she contended that she was a bona fide purchaser of the Oldsmobile from Mr. Spurlock for value and without notice of any property interest of the Montgomery Motor Company in the Oldsmobile. A verdict and judgment in her favor were entered in the court below and the plaintiff appealed.

Section 78.18, F.S. 1941, F.S.A., provides that when judgment is for plaintiff and when he has the goods he may recover damage only for the taking and costs.

Section 78.19, F.S. 1941, F.S.A., provides that when judgment is for plaintiff and defendant has goods the plaintiff may take judgment for goods and damage or a money judgment for goods and damage *except* when plaintiff's interest is (a) a lien, or (b) some special interest, in which event "judgment" shall be for amount of lien or special interest "duly established" and:

". . . after the rendition of the judgment, the plaintiff may, at his option, sue out a writ of possession for the property, and execution for his costs, or sue out execution against the defendant and his sureties for the amount recovered as aforesaid and costs."

Section 78.20, F.S. 1941, F.S.A., provides that when judgment is for the defendant and he has the goods he may recover only the damage for the taking and costs.

Section 78.21, F.S. 1941 F.S.A., provides that when judgment is for the defendant and the plaintiff has the property

that judgment "shall be entered against plaintiff for the property and against him and his sureties for the value and costs in the same manner as provided in 78.19 for judgment in favor of plaintiff, and defendant shall have the same election as in said section accorded to the plaintiff."

In Evans v. Kloeppel, 72 Fla. 267, 73 So. 180, the Court allowed judgment to stand upon pleadings different from those now before the Court, wherein the amount of the down payment by defendant was offset by the damages to the plaintiff by reason of the detention of the chattel by the defendant, the adjustment of values and damages being as if in rescission of the contract.

Upon the facts established by the evidence, the plaintiff should have received a favorable verdict; however, the verdict of the jury was for defendant. It appears that under Section 52.11, F.S. 1941, F.S.A., the defendant might have been entitled to interpose a counter-claim for the value of her advancement of the net value of her DeSoto in the exchange, (which exchange in effect seems to have been rescinded) subject to being offset by damages suffered by the plaintiff by reason of any depreciation of the Oldsmobile between the time of the original transaction and the recapture by the writ of replevin.

One of the pleas allowed to stand was as follows:

"2. That the actual value of the automobile described in the Declaration is not Two Thousand Five Hundred Dollars ($2500), but that the actual value thereof is Three Thousand and Two Hundred Dollars ($3200)."

This plea was not sufficient to state a defense and it was error to allow it to stand against demurrer.

The judgment appealed is reversed and a new trial awarded, subject to such amended pleas as the trial judge may permit to be interposed.

THOMAS, C. J., BARNS and HOBSON, JJ. concur.

TERRELL and SEBRING, JJ., dissent.

ADAMS, J., not participating.