Action in replevin by F.E. Godfrey, Jr., against Stanley F. Bryant and another. From an amended final judgment awarding possession of property in controversy to one of the defendants without entering judgment against plaintiff and surety on his bond for the value of the property, defendants appeal and plaintiff files a cross-assignment of error.
Judgment reversed and cause remanded with directions.
This appeal is from an amended final judgment in replevin wherein the appellee was plaintiff below and the appellants were defendants. The verdict of the jury was favorable to the defendants and upon this appeal it is contended that the amended final judgment was erroneous in that it was not entered in accordance with the terms of the verdict or consonant with our statutory requirements. It is urged that F.S.A. § 78.21
mandatorily requires that when judgment is for the defendant and the plaintiff has the property the final judgment "shall be entered up against the plaintiff for possession of the property, and costs, and against him and his sureties for the value thereof and costs, in the same manner as provided in § 78.19, for judgment in favor of the plaintiff; and the defendant shall have the same election as in said section accorded to the plaintiff." (Italics supplied) The amended final judgment, so it is contended, failed to award to defendants or either of them a judgment against the plaintiff and the surety on his bond for the value of the special interest or lien of defendant Stanley F. Bryant or of either of said defendants in, to and upon the property taken by plaintiff on his replevin bond.
The jury rendered the following verdict:
"We, the jury, find that the defendant, Jim Black as Sheriff of Orange County, Florida, is entitled to the immediate possession of a certain 1942 Cadillac sedan automobile bearing motor No. 5380501 and Florida license plate No. 4W 712, by virtue *Page 834 
of the levy of an execution issued upon a judgment in favor of Stanley F. Bryant in the amount of $8,016.45; and we find for defendant Stanley F. Bryant and against plaintiff and his sureties for the value of said Stanley F. Bryant's special interest therein, namely $1500.00, which we also find is thevalue of said automobile, with interest thereon at the rate of 8% per annum from July 3, 1948.
So say we all." (Italics supplied)
The amended final judgment entered by the Circuit Judge was against the plaintiff for possession of the property and in favor of the defendant Jim Black as Sheriff of Orange County, Florida, but no judgment for the value of the car was entered against the plaintiff and his surety. The only judgment against plaintiff and his surety was in favor of the defendants for their costs in the sum of $16.25.
In this case the property, to-wit: a Cadillac automobile, was not redelivered to the defendant upon his forthcoming bond. Consequently, the provisions of Sec. 78.21, F.S.A., are controlling. The final judgment should have been entered up against the plaintiff for possession of the property and costsand against him and his surety for the value thereof and costs.
In and by its verdict the jury found the value of the property to be the sum of $1500. A judgment for such sum with interest thereon at the legal rate from July 3, 1948, should have been entered against the plaintiff and his surety in favor of the defendant. Since we have two defendants in this case, one being the Sheriff of Orange County, Florida, and the other being Stanley F. Bryant who, as a judgment creditor had caused the Sheriff to levy execution upon the Cadillac automobile, we are confronted with the question as to whether judgment should run in favor of the Sheriff or in favor of Bryant or which of the defendants is the real party defendant as contemplated by the statute.
We are of the opinion and so hold that in a case of this character regardless of the propriety of naming other defendants, the defendant intended by the statute is the party (here the sheriff) who had possession of the property at the time it was directed to be turned over to the plaintiff upon the filing of a forthcoming bond. Regardless of the fact the record indicates that two Circuit Judges, one of whom passed upon a demurrer filed by the defendant Bryant (in which he took the position that the declaration failed to state a cause of action against him) and another Circuit Judge who presided at the trial, had different views concerning the question of whether Bryant was a proper party, the fact remains that our statute which requires the entry of a judgment for possession and for the value of the property in favor of the defendant has reference to the primary defendant, to-wit, in this case, the Sheriff of Orange County. It is immaterial that there may have been another or other parties defendant when considering a proper final judgment to be entered upon a verdict of the type now before us.
The appellee has filed one cross assignment of error in and by which he contends that the Circuit Judge erred when he denied the appellee's motion for a new trial. We hold that the denial of the motion for new trial did not constitute error. We deem it advisable to observe the fact that the appellee, although he has filed but this one cross assignment of error, has posed twenty-three questions.
In the case of City of Coral Gables et al. v. State ex rel. Hassenteufel, Fla., 38 So.2d 467, 468, we held: "Limited by the assignments of error, the case on appeal is a review by this Court of the same matter as previously considered and passed on by the lower court. This Court's decision and opinion is on the case as made on appeal and not essentially on `questions' as framed by counsel." The questions presented may and can be helpful when they are limited, as they should be, to a direction of our attention to alleged reversible error and are correlated to the assignments of error. However, when, as in this case, an unnecessarily large number of questions are propounded (when many of them could have been compiled into one question), such questions are not helpful to this Court, nor do they tend toward clarification for our benefit. Indeed they are confusing and hamper rather than facilitate our review of the case. Red Top Cab *Page 835 Baggage Co. v. Dorner, Fla., 32 So.2d 321; Town of Howey-in-the-Hills v. Graessle, Fla., 36 So.2d 619.
We do not find that error was committed by the trial judge in entering the order denying the motion for a new trial. However, the amended final judgment must be reversed upon the main appeal with directions to the Circuit Judge to enter a final judgment against the plaintiff and in favor of the defendant Dave Starr (successor to Jim Black) as Sheriff of Orange County, Florida, for the possession of the Cadillac automobile in question and for a judgment for the value of said automobile, as found by the jury, in favor of the said Sheriff and against the plaintiff and his surety. The final judgment should have included in it interest on the sum of $1500 from July 3, 1948, and the defendant's costs. It should also provide a judgment for costs in favor of defendant Stanley F. Bryant and against the plaintiff and his surety.
Reversed and remanded with directions.
ADAMS, C.J., and CHAPMAN and SEBRING, JJ., concur.