HORTON, Judge.
This cause is here on petition for certi-orari directed to an order of affirmance by the Circuit Court, Dade County, Florida, of a judgment in replevin entered by the Civil Court of Record, awarding possession of a Cadillac automobile to the respondent and judgment in the sum of $3,500 for its value.
Two main points are raised by the petitioner for reversal of the order of affirmance of the Circuit Court, namely, (1) whether a defense on equitable grounds can be interposed in a replevin action, and (2) was it error to enter a summary judgment for the value of an automobile in replevin which had been returned un *121 ■der a forthcoming bond to the petitioner, no determination having been made of the special interests of the respondent in said automobile.
In answering the first question, we deem it necessary to point out that re-plevin is a possessory statutory action at law. The main issue is the right of possession. The difference between replevin and other types of actions has been explained by the Supreme Court of Florida in Evans v. Kloeppel, 72 Fla. 267, 73 So. 180.
The petitioner contends that Section 52.20, Fla.Stat., F.S.A., permits ■equitable defenses in any action in any of the courts in this state and that the trial court was in error in entering summary judgment against him in view of his defenses on equitable grounds. The answer to this contention in large measure lies in the statute itself, that is, the defense on ■equitable grounds must be such that if judgment were obtained against him, he would be entitled to relief against it on such grounds. Defenses upon equitable grounds must be urged by way of defense and not for affirmative relief; otherwise to permit the latter would be in effect seeking affirmative equitable relief in a court of law. See Crompton v. Kirkland, 157 Fla. 89, 24 So.2d 902, at page 905. The Civil Court of Record of Dade County is a statutory court of limited jurisdiction which does not include equitable powers. Section 33.02, Fla.Stat., F.S.A. The petitioner’s equitable grounds urged in his answer asked the trial court to (1) construe the conditional sales agreement as a lien for the purchase price of the car; (2) relieve him against a forfeiture under the contract; and (3) permit the payment of the balance of the purchase price of the car and decree title to same to be vested in petitioner. These grounds may well be the proper subject of affirmative relief in equity but do not constitute a defense upon equitable grounds in an action of re-plevin at law as contemplated by the stat-ute. Since the grounds urged by the petitioner do not constitute a defense upon equitable grounds or any other defense to the action, the trial court was correct, on the question of possession in rendering judgment for the respondent.
On the second question, we conclude that the trial court departed from the essential requirements of the law in failing to apply the pertinent provisions of Section 78.19, Fla.Stat., F.S.A.:
“78.19. Judgment for plaintiff, when goods redelivered to the defendant.
“ * * * provided, however, that where plaintiff’s interest in said property is based upon a claim of lien or some special interest therein then said judgment shall be only for the amount of the lien or the value of such special interest duly established and costs, such judgment to be satisfied by the recovery of the property, or of the amount adjudged against the defendant and his sureties.”
In the respondent’s complaint, it alleged the true value of the automobile to be $3,-500. The answer denied the allegation of the complaint and in addition set forth that the original purchase price of the automobile was $4,800; that $1,500 down payment was made and that, together with ten monthly installments in the sum of $140.19 each which had been paid to respondent on the automobile, made a total of $2,901.90. The petitioner on forthcoming bond adopted the respondent’s valuation of the automobile at $3,500. The petitioner contends that the court in awarding a judgment for the value of the car should have allowed the respondent only the amount represented by the respondent’s special interest under the conditional sales agreement and that such special interest was a question of fact to be established. In the case of Voges v. Ward, 98 Fla. 304, 123 So. 785, 794, the Supreme Court of Florida was called upon to decide a similar question. In that case, it was shown that the value of the property involved *122 was $3,000; that the defendant held it under a retain title arrangement on which he had paid $1,000, the original purchase price being $4,000. The verdict and judgment awarded to the defendant was for the full value plus damages for detention in the sum of $10,560. In setting aside the verdict and judgment, the court said:
“The defendant was not the owner of the property, and was not. entitled to a verdict against the plaintiff, the general owner, for its full value, at the time of the taking, as shown by the evidence, to wit, $3,000. He only had an equitable or special interest in the property, in the nature of a ven-dee’s equitable lien, proportionate to the amount of the purchase price which he had paid, which in this case was $1,000, or approximately one-fourth of the total purchase price. Thus the verdict and judgment should have been for the value of defendant’s special interest, which was approximately one-fourth the value of the property at the time of the wrongful taking, and which could not in any event have exceeded the amount he had paid on the purchase price of the property. * * * ”
This rule was followed by the court in later cases. See Thompson v. Guntner, 1948, 160 Fla. 856, 36 So.2d 826; G. F. C. Corporation v. Spradlin, Fla.1949, 38 So.2d 679; and Wood v. Weeks, Fla.1955, 81 So.2d 498.
Inasmuch as the petitioner’s answer did not set up a meritorious defense to the action for replevin, we conclude that the portion of the court’s summary judgment finding that the respondent was entitled to possession of the automobile was not error and should be affirmed; but that portion which awarded judgment in the sum of $3,500 to the respondent and against the petitioner and the surety on his bond was error.
Accordingly, certiorari is granted and the judgment of affirmance entered by the circuit court is quashed, with directions to remand the cause to the civil court of record for trial upon the issue of the value of the automobile and respondent’s special interest therein under its conditional sales agreement. See Brundage v. O’Berry, 101 Fla. 320, 134 So. 520; and Bryant v. Godfrey, Fla.1949, 40 So.2d 833.
Certiorari granted with directions.
CARROLL, CHAS., C. J., concurs.