114 So.2d 466 (1959)
W.W. SPENCER, d/b/a Spencer Machinery & Equipment Company, Appellant,
v.
FLORIDA-GEORGIA TRACTOR COMPANY, Appellee.
No. 58-630.
District Court of Appeal of Florida. Third District.
September 21, 1959.
Rehearing Denied October 8, 1959.
*467 W.F. Parker, Miami, for appellant.
Joseph A. St. Ana, Miami, for appellee.
PEARSON, Judge.
The appellant was the defendant in the trial court. He appeals from a final judgment in a replevin action which was tried before the court without a jury. The plaintiff presents cross-assignments of error which are directed to the court's ruling upon matters of procedure and the assessment of damages and costs.
It is apparent from a reading of the record that this is not the usual replevin action. It appears without argument that the contract which was made the basis for the replevin action was in actuality a security device whereby personal property of the defendant-debtor was made subject to a pre-existing debt by a pretended sale of the property by the creditor and a retention of title.
The appellant relies on four points for reversal: 1) the circuit court had no jurisdiction, 2) the value of the equipment was erroneously determined, 3) attorney's fees for the plaintiff were improperly allowed, and 4) the court erred in not upholding an alleged agreement for settlement between the parties. In 1953, when the conditional sales contract was given in order to secure an open account which was then existing between the parties, the contract described certain equipment including a tractor then in the possession of the defendant. The face amount of the purported conditional sales contract was $6,450.14. From the testimony of the plaintiffs it is apparent that the amount of the account was, prior to the time of the trial, reduced to approximately $2,600. At the time of the filing of the complaint in replevin the plaintiff alleged that it was entitled to possession *468 of the personal property described in the purported conditional sales contract and set the value of the property at $6,450.14. In addition, the plaintiff claimed that it was entitled to the sum of $5,000 for the use of the machinery described from the time of the alleged wrongful withholding of possession after demand. It affirmatively appears that the plaintiff was overly optimistic in terms of its eventual recovery and that actually its claim for damages for the full value of the equipment was limited by its special interest therein. Klein v. G.F.C. Corporation, Fla.App. 1958, 103 So.2d 120; cf. Thompson v. Guntner, 160 Fla. 856, 36 So.2d 826.
Since the jurisdiction of the circuit court is determined by the amount in good faith in controversy, we do not find that the court lacked jurisdiction. See Caudell v. Leventis, Fla. 1950, 43 So.2d 853; Seaboard Air Line R. Co. v. Ray, 52 Fla. 634, 42 So. 714.
The appellant next urges that there is not sufficient evidence in the record to substantiate the value of the equipment found by the court or for the allowance of attorney's fees made as part of the damages. It affirmatively appears that the court allowed the plaintiff only so much of its claimed damages as reasonably represented by the plaintiff's testimony as to the amount left unpaid on the open account. We find therefore that no harmful error has been committed, since by this judgment the plaintiff has received only an amount found to be owed to him. Also, since the issue actually tried was the amount of the special interest of the plaintiff in the security, the judgment is res judicata to any further action upon the same account. We do not consider the fact that the court allowed a part of the damages as attorney's fees to be harmful error in view of the fact that the total amount allowed does not appear to exceed the amount due.
Upon appellant's fourth point that the court erred in failing to uphold an alleged settlement agreement, we find that the ruling of the court was based upon conflicting testimony as to whether such a settlement was actually made and as to the terms thereof. In view of the fact that the Florida Rules of Civil Procedure specifically relieve a trial court from a duty to recognize any stipulation of counsel which is not reduced to writing,[1] we do not find that error was committed by the court in this particular. The second point raised by the appellee in his cross-assignments has to do with the court's failure to tax all of the costs against the defendant. The taxation of costs is particularly within the discretion of the trial judge. Anderson v. Carter, Fla.App. 1958, 100 So.2d 831. In view of the fact this cause appears from the record as a chancery cause wrongfully started on the law side and tried before the court without a jury we will decline to reverse the finding of the court in its order fixing the proportion of the costs to be borne by the parties.
Having examined the record in the light of the briefs and finding no harmful error which can be properly raised in this court the final judgment is affirmed.
Affirmed.
HORTON, C.J., and CARROLL, CHAS., J., concur.
NOTES
[1] Rule 1.5(d), 1954 Rules of Civil Procedure, 30 F.S.A., provides as follows: "No private agreement or consent between parties or their attorneys in respect to the proceedings in a cause shall be of any force before the court, unless the evidence thereof shall be in writing, subscribed by the party or his attorney, against whom it is alleged; provided, however, that parole agreements may be made before the court, if promptly made a part of the record, or incorporated in the stenographic notes of the proceedings."