McNULTY, Judge.
Plaintiff-appellant replevied a boat he had earlier sold to appellee’s decedent and another. Some three months thereafter judgment was rendered in favor of the decedent for the boat, or its value,- and, in addition, for $350.00 in damages for wrongful replevin.
No error has been clearly made to appear on the merits of the replevin action itself; so that part of the judgment is affirmed. However, from the sparse record before us[1] it affirmatively appears that there was virtually no evidence relating to damages suffered on account of appellant’s repossession of the boat herein, except the “loss of use” thereof during the pendency of the action. Moreover, there is no evidence that the value of such loss of use in this case is $350. Judgment for this specific amount in damages was therefore error.
Now it is rudimentary, of course, that the burden of proving damages is generally upon the person claiming them; and the peculiarities and/or alternative postures ascribable to a replevin action [2] do not require departure from this rule. Nevertheless, given the loss of use of something of value, and attributing such loss to the wrong of another, some damages are presumed; and in the absence of affirmative evidence of specific value of such loss it is well-settled that in a replevin action the value thereof may be measured by the interest on the value of the thing lost.[3] We reaffirm this rule as expeditious and just.
Wherefore, the value of the boat having been properly found in this case to be $1,000, and there being no evidence bearing on a specific value for the loss of use of such boat while in the wrongful possession of appellant nor evidence relating to any other damages, the judgment appealed from is reversed as to the award of damages provided for therein. The cause is remanded for computation of the legal rate of interest on the value of the boat for and during the period of the loss, and, thereafter, for modification of the judgment as to damages accordingly.
Affirmed in part; reversed in part.
HOBSON, Acting C. J., and MANN, J., concur.

. The parties attempted to follow a recognized procedure to establish a record where, as here, there was no court reporter present. See, e. g., Downing v. Bird (Fla.App.1962), 145 So.2d 559 and Moyer v. Moyer (Fla.App.1959), 114 So.2d 638.

. Section 78.01 et seq., F.S.A.

. See, e. g., Florida Trust & Banking Co. v. Consolidated Title Co. (1923), 86 Fla. 317, 98 So. 915; Bryant v. Godfrey (Fla.1949), 40 So.2d 833; and Butler v. Mirabelli (Fla.App.1965), 179 So.2d 868. Cf., Ocala Foundry & Machine Works v. Lester (1905), 49 Fla. 199, 38 So. 51.