HERSEY, Judge.
This is an appeal from a final order dismissing appellant’s complaint against Aetna Insurance Company with prejudice. We will limit our discussion to those facts essential to determination of the single issue before us.
In 1977, appellant obtained a judgment against Custom Harvestors, Inc. in a replev-in action. Appellee, Aetna, was the surety on the replevin bond issued to Custom Harvestors in that action. Subsequently, Custom Harvestors changed its corporate name and rearranged its corporate assets in a manner not clearly specified in the record. As a result, appellant brought an action for declaratory relief against the corporation, two of its principals and Aetna for a determination of the parties’ respective rights and liabilities under the 1977 judgment.
After the parties had exchanged numerous pleadings, a third amended complaint was dismissed with prejudice; preserving, however, appellant’s right to file a fourth amended complaint against appellee, Aetna, only. Subsequently, the trial court dismissed the fourth amended complaint with prejudice, finding:
. that the plaintiff and her attorney have prejudiced the rights of the surety and in effect released the security for the bond by their actions in bringing about the Order of November 7, 1978 in which the Third Amended Complaint was dismissed as to all principals in this action. By thus impairing the surety for the bond, Plaintiff has released the surety from any further liability in this matter.
Underlying this order is a determination by the trial court that appellant’s failure to appeal the order dismissing the third amended complaint with prejudice resulted in that order becoming an adjudication on the merits as to appellant’s claim against Custom Harvestors. The trial court apparently reasoned that this inaction by appellant had the effect of prejudicing Aetna’s eventual right to indemnity from Custom Harvestors and therefore, Aetna was no longer liable since a surety’s liability is measured by that of the principal and cannot exceed it. The trial court followed the rule that if the principal is released, even inadvertently, then the surety is released.
The order from which no appeal was taken is res judicata as to those causes of action contemplated by the third amended complaint. However, the record does not convince us that no cause of action could be stated in a suit brought by appellant against Custom Harvestors based upon the existing final judgment in replevin. Custom Harvestors was not, as a matter of law, discharged from liability on that judgment by virtue of the dismissal of the third amended complaint. Therefore, Aetna’s right to indemnity was not substantially and finally prejudiced.
Although the trial court dismissed five complaints, only one dismissal was on the basis that appellant failed to state a cause of action against Aetna.
The order dismissing the original complaint made no disposition of the motion to dismiss filed by Aetna. The order dismissing the first amended complaint again did not determine that no cause of action was stated against Aetna. A second amended complaint was filed, followed by defensive motions, whereupon leave was given to file a third amended complaint to which those responsive motions were deemed to apply. Thus, there was no determination that the second amended complaint failed to state a cause of action against Aetna.
The third amended complaint was then dismissed for failure “to state any cause of action against any of the Defendant parties.”
A fourth amended complaint was dismissed as to Aetna based upon the finding that plaintiff had prejudiced Aetna’s indemnity rights. Accordingly, we reject ap-pellee’s argument that the trial court’s decision should be affirmed on the alternative basis that in five complaints appellant failed to state a cause of action against Aetna.
*711 We hold that Aetna’s indemnity rights were not prejudiced by any meaningful and relevant action of appellant. In fact, it is not clear from the pleadings whether those rights have been prejudiced at all. Further, if the allegations that Custom Harvesters, the principal, has been looted of all its assets are taken as true, there is no showing that Aetna’s indemnity rights were worth anything in the first instance. This is precisely the reason for requiring a bond in replevin actions, to ensure that the party from whom possession is wrongfully taken will have recourse whether or not the wrongdoer remains solvent. To refuse to permit appellant to file an amended complaint under these circumstances was an abuse of discretion.
We therefore reverse the order dismissing the fourth amended complaint with prejudice and remand this cause with directions that appellant be permitted to file a fifth amended complaint and for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
DOWNEY and HURLEY, JJ., concur.