## MORGAN v. ELECTRONIC REALTY ASSOCIATES
### No. 81-049-AP
Circuit Court, Eleventh Circuit, Appellate Division
September 25, 1981

Michael B. Friend, for appellant.

Anne-Lis Gustafson, for appellee.

Before JORGENSON, ORR, SALMON, J. J.

PER CURIAM.

The appellants, Thomas and Mary Claire Morgan, request relief from a final judgment of the County Court in favor of the defendant below, Electronic Realty Association. Appellants held a limited home warranty covering damages incurred before 11:59 p.m. on December 11, 1979. The warranty agreement stated that notice of damage must be given before expiration. During the evening hours of December 11, 1979, appellants' air conditioning system malfunctioned. The damage was not reported for three days. The malfunction arose from an inoperative compressor, however, upon advice of repair technicians, the appellants replaced the entire system. The appellee refused to compensate the appellants, claiming lack of compliance with the notification requirement.

A fair reading of the contract shows there was coverage, not withstanding post-expiration notice. *Klein v. Allstate Insurance Company,* 367 So.2d 1085, 1086 (1st DCA 1979). Evidence that the damage occurred prior to expiration was undisputed in the trial record. The act of notification within three days constituted substantial compliance. *Fireman's Fund Indemnity Company v. Perry,* 5 So.2d 862, 866 (Fla. 1942). No prejudice to the appellee resulted from the three day delay. Substantial prejudice must have occurred for liability to be avoided. *American Fire and Casualty Company v. Collura,* 163 So.2d 784, 794 (2d DCA 1964).

The County Court shall determine the amount due the appellant, which shall include the cost of the replaced compressor. *Metropolitan Dade County v. Klein,* 229 So.2d 589, 590 (3d DCA 1970). *Harwell v.*

*Wilder,* 247 So.2d 90, 91 (2d DCA 1971). The additional improvement of a new air conditioning system was not within the parameters of the agreement.