WHATLEY, Judge.
Ilkka Jalaskari appeals a final summary judgment finding he was not entitled to damages for the wrongful replevin of his vessel by The Bank of Nova Scotia (Bank). We reverse.
This case is a replevin action that has an unusual history. The Bank originally filed suit in Canada and obtained an Ontario judgment. However, Jalaskari had moved his family and the vessel on which they lived to Pinellas County. The Bank then filed a two-count. complaint, seeking re-plevin and enforcement of the Ontario judgment. The Bank, in a procedure fraught with risk, had a prejudgment writ of replevin issued on an ex parte basis. Based on such writ, the Bank took possession of the vessel. After a trial on the merits, a directed verdict was entered in favor of Jalaskari, and the Bank’s Ontario judgment was vacated due to an improper notice issue. The Bank appealed the order vacating its Ontario judgment, and the appeal to this court was affirmed. Bank of Nova Scotia v. Jalaskari, 673 So.2d 33 (Fla. 2d DCA 1996). While the appeal was pending, the Bank filed a second action in Florida against Jalaskari, alleging breach of contract. The Bank obtained a prejudgment writ of attachment in this second case, and it simply retained possession of the vessel it already had. The Bank sold the vessel for $45,000, which sum Jalaskari contended was far below the vessel’s fair market value. The Bank was successful in the second action.
In the first action, in which Jalaskari had prevailed, Jalaskari filed a motion for judgment on bond and for damages, seeking damages for the Bank’s wrongful re-plevin of the vessel. The Bank then filed a motion for summary judgment on the issue of damages. Summary judgment was denied, but Judge Demers entered an order on October 20, 1998, pursuant to a motion for rehearing finding that Jalaskari was entitled to damages for wrongful replevin of his vessel. Judge Demers’ order was subsequently reversed by another judge who found that Jalaskari had suffered no damages as the Bank had prevailed in the second action.
We agree with Judge Demers that the Bank’s ultimate success in the second action does not relieve the Bank from the wrongful possession of the vessel from May 6,1994, when it was seized in the first action, until August 23, 1995, when a proper and successful prejudgment writ of attachment was issued in the second case. It is this fifteen-month period for which Judge Demers correctly concluded Jalas-kari was entitled to damages for wrongful replevin of the vessel.
The Bank argues that since Jalaskari did not seek to post a bond or retake *1222 possession of the vessel via a contradictory motion, his damages are limited to the five-day window period for posting a bond under section 78.068(4), Florida Statutes (1993), or the ten-day period for filing a contradictory motion under section 78.068(6). We reject this position and conclude a party who, like Jalaskari, has their property wrongfully replevied is not limited to a five or ten-day window for damages. Section 78.21, Florida Statutes (1993), specifically contemplates judgment for the defendant and resulting damages when the property, as here, was retained by the plaintiff and the defendant subsequently prevailed.
On remand, the hardest aspect for the trial court will be the measure and scope of damages. In Foresight Enterprises, Inc. v. Leisure Time Properties, Inc., 466 So.2d 283, 287 (Fla. 5th DCA 1985), the court held: “The function of the damage award in a statutory replevin suit should be to put the owner in the same position as he would have been had the object not been taken from him.” See Harwell v. Wilder, 247 So.2d 90 (Fla. 2d DCA 1971) (addressing issue of damages in a wrongful replevin context); Trawick, Fla. Prac. and Proc., § 34-4 (2001) (Further proceedings and judgment).
Accordingly, we reverse the final summary judgment entered against Jalaskari and remand for further proceedings consistent with this opinion.
NORTHCUTT and DAVIS, JJ., Concur.