WALLACE, Judge.
Tokay Towing & Recovery, Inc. (Tokay), successfully defended a replevin action brought against it in the trial court by Dr. Leonard J. Kronen (Dr. Kronen). Tokay complains on appeal that the trial court erred in failing to award damages on two claims asserted in its counterclaim against Dr. Kronen. We reverse the trial court’s denial of Tokay’s claim against the replev-in bond posted by Dr. Kronen because such a ruling was premature. We affirm the denial of Tokay’s claim for depreciation in the value of the property during the time it was in Dr. Kronen’s possession because Tokay failed to carry its burden of proof on this issue.
The subject of the replevin action in the trial court was a mobile magnetic resonance imaging unit and a forty-eight-foot trailer that was used to house and transport the machine (referred to collectively as “the trailer”). Before the events at issue, Dr. Kronen purchased the trailer through a corporation which he owned or controlled. Unfortunately, Dr. Kronen failed to have the trailer retitled in his name or in the name of his corporation. Dr. Kronen stored the trailer — which was locked — in the parking lot of an office building in St. Petersburg in which he had an interest.
Tokay operates a towing service in Pi-nellas County. On August 8, 2000, the property manager at Dr. Kronen’s office building contracted with Tokay for the removal of illegally parked and wrecked vehicles from the property. Two days later, the property manager authorized Tokay to remove the trailer from the property. Tokay towed the trailer to its lot in St. Petersburg and began the process of attempting to identify and locate persons or entities having an interest in the trailer.
Tokay eventually identified a medical supply company as the registered owner of the trailer. After sending the appropriate notices, Tokay bought the trailer for the amount of its unpaid towing and storage charges at a sale held on October 11, 2000. The Department of Motor Vehicles issued Tokay a certificate of title for the trailer one month later.
Dr. Kronen filed a verified complaint for replevin on November 28, 2000. In his complaint, Dr. Kronen alleged that he had purchased the trailer in 1996 for $60,000 and that its current fair market value was *1271 $25,000. After posting a surety bond in the amount of $50,000, Dr. Kronen obtained a prejudgment writ of replevin for the recovery of the trailer without notice to Tokay. See § 78.068(3), Fla. Stat. (2000). Tokay did not attempt to obtain the release of the property by posting a bond of its own, nor did it attempt to dissolve the writ. See § 78.068(4), (6). On December 8, 2000, Tokay delivered the trailer to Dr. Kronen in accordance with the writ. Tokay also answered the complaint and filed a counterclaim against Dr. Kronen for the return of the trailer and damages.
After a bench trial, the trial court ruled that the trailer was never registered in Dr. Kronen’s name or in the name of any business in which he had an ownership interest. Thus Dr. Kronen had misrepresented that he was the true owner of the trailer. The trial court also found that Tokay had fully complied with all of the statutory requirements relating to its sale and purchase of the trailer. Consequently, Tokay was the rightful owner of the trailer. The trial court entered judgment in Tokay’s favor and awarded possession of the trailer to Tokay. In the final judgment, the trial court ordered Dr. Kronen to return the trailer to Tokay within twenty days. The trial court also reserved jurisdiction to determine and award damages to Tokay for the reasonable value of the trailer at the time it was delivered to Dr. Kronen in December 2000 if Dr. Kro-nen failed to comply with the order.[1] In a later order clarifying the final judgment, the trial court denied Tokay’s claim against the replevin bond.
The trial court erred by denying Tokay the right to proceed against the surety on the replevin bond. The reason for requiring a bond when property is taken from the defendant under a prejudgment writ of replevin is to ensure that the defendant will have recourse whether or not the plaintiff remains solvent when the property is wrongfully taken. Tate v. Aetna Ins. Co., 385 So.2d 709, 711 (Fla. 4th DCA 1980). The trial court faulted Tokay for failing to litigate its claim on the re-plevin bond at trial. But the determination that Dr. Kronen had wrongfully taken the trailer was not made until the trial court entered its final judgment. It follows that Tokay’s claim against the bond did not accrue until the entry of final judgment in its favor. Accordingly, Tokay’s right to proceed against the surety for the value of the trailer was not a matter for the final judgment; rather, it was a matter for postjudgment proceedings under Florida Rule of Civil Procedure 1.625.[2] Consequently, the trial court’s denial of Tokay’s claim on the replevin bond must be reversed because it was premature.
*1272 Also in the order clarifying the final judgment, the trial court denied Tokay’s claim for the depreciation in the value of the trailer from the date Tokay delivered it to Dr. Kronen in accordance with the prejudgment writ of replevin to the date of trial. The trial court ruled that Tokay had failed to carry its burden to prove that any depreciation in the value of the trailer had occurred. After a thorough review of the record, we find no basis to disturb this ruling by the trial court.[3]
Accordingly, we reverse the final judgment to the extent that it denied Tokay’s claim on the replevin bond, and we remand for further proceedings consistent with this opinion. In all other respects, the final judgment is affirmed.
Affirmed in part, reversed in part, and remanded.
VILLANTI, J., and THREADGILL, EDWARD F., Senior Judge, Concur.

. We note that the relief granted in the final judgment did not comply with the replevin law. When the defendant prevails and the property is not in the defendant’s possession, section 78.21 requires entry of a judgment against the plaintiff for possession of the property and for the value of the property. After the entry of final judgment, the defendant has the right to elect one of the remedies — it could have a writ of possession for the property and execution for its costs, or it could have execution against the plaintiff and its surety for the value of the property and costs. See § 78.19(2); § 78.21; State ex rel. O’Hara v. Justice, 109 So.2d 761, 762 (Fla. 1959); Bryant v. Godfrey, 40 So.2d 833, 834 (Fla.1949); Demetree v. Stramondo, 621 So.2d 740 (Fla. 5th DCA 1993); see also Form for Use with Fla. R. Civ. P. 1.995(d). In this case, the trial court made Tokay’s right to recover the value of the trailer conditional upon Dr. Kronen’s failure to return it. Neither party to this appeal has challenged the alternative relief devised by the trial court. Therefore, we have no occasion to reverse the final judgment on that ground.

. Under the terms of the final judgment'— which, as noted, varies from the replevin law — Tokay’s right to proceed against the *1272 surety would accrue after the trial court enters an award for the value of the trailer in the event that Dr. Kronen fails to return it.

. We express no opinion on the separate issue of whether such depreciation was an element of damages that might be recoverable under the circumstances of this case.