ALBERT LEITNER v. G. BOROMEI FISH COMPANY.

191 So. 76
Division B
Opinion Filed September 22, 1939

*B. A. Bales,* for Plaintiff in Error;

*R. E. Hamrick* and *E. B. Donnell,* for Defendant in Error.

PER CURIAM.—An action of replevin for certain fishing equipment. Plaintiff had sold the property to the defendant on a conditional sale contract. A considerable amount was still due on the purchase price of the property. Upon a trial of the issues the jury returned the following verdict:

"We, the jury, find for the defendant, Albert Leitner, and against the plaintiff, G. Boromei Fish Company.

"We further find that the defendant, Albert Leitner, is now and was, at the time of the institution of this suit, entitled to the possession of the personal property described in the declaration, to-wit:

| | |
|---|---:|
| 2 seine boats, 7 ft. x 24 ft., value | $ 60 |
| 1 pick up boat, value | 20 |
| 1 stake boat, value | 10 |
| 2 pull boats, with motors, value | 300 |
| 1,800 yards of webbing (seine), value | 300 |
| 1 house boat, value | 150 |
| 1 seine boat with ice box, value | 35 |
| Total value | $875 |

"We further find that the value of the above described personal property is as set forth above for each article, and that the total value of said property is the sum of $875, and we find that the interest thereon amounts to $11.12.

"We further find that the above described property was heretofore delivered to the plaintiff; and that the sureties on said plaintiff's bond are R. Boromei and L. M. Lilly and Mrs. L. M. Lilly.

"So say we all.

"February 7th, 1939

"Edward Gordy, Foreman."

The court then entered judgment on that verdict as follows:

"This cause coming on to be tried and a jury having been empaneled and sworn to try the issues in said action, and after hearing the testimony and the charges of the court, returned the following verdict: 'We, the jury, * * * Edward Gordy, Foreman.'

"It is therefore considered, ordered and adjudged, that the defendant, Albert Leitner, was, and is entitled to the possession of the property described in the declaration * * *.

"It is further considered, ordered and adjudged, that the defendant Albert Leitner, do have and recover the possession of said described property from the plaintiff, G. Boromei Fish Company, and the costs of the court to be assessed by the clerk.

"It is further * * *, do have and recover from the plaintiff, * * * and from the sureties of said plaintiff's bond, * * *, the sum of Eight Hundred Seventy-Five Dollars, the value of said property, * * *.

"Done and ordered, at Moore Haven, Florida, of this the 7th day of February, 1939.

"W. T. Harrison, Judge."

The plaintiff made a motion for a new trial, assigning several grounds, including one to the effect that the verdict was contrary to the law. The new trial was granted by order of court. This writ of error is taken under the statute, Section 4615 (2905) C. G. L., 1927, to that order of court; and the sole assignment of error is the granting of the said order.

The lower court did not err in granting the motion for a new trial. The evidence clearly shows, and the plaintiff in error admits, that the defendant below did not have title to the property replevied. The defendant was not the owner of the property, and was not entitled to a verdict against the plaintiff, the general owner, for its full value at the time of the taking. He only had an equitable lien or special interest in the property, in the nature of a vendee's equitable lien, proportionate to the amount of the purchase price which he had already paid.

This Court has previously so stated in the case of Voges v. Ward, 98 Fla. 304, 123 Sou. Rep. 785, wherein it was stated:

"Thus the verdict and judgment should have been *for the value of defendant's special interest,* which was approximately one-fourth the value of the property at the time of the wrongful taking, and which *could not in any event have exceeded the amount he had paid on the purchase price of the property.* The second paragraph of Section 5347, Comp. Gen. Laws, should in a case of this kind be construed in connection with Section 1 of Chapter 9320, Acts 1923, now appearing as Section 5348, Comp. Gen. Laws 1927, and which reads as follows:

"5348. 'In all actions of replevin where the right of possession of the prevailing party in the suit, whether plaintiff or defendant, is based upon a claim of lien or some

special interest in the property replevied, and such property at the time of entering judgment is in the possession of the adverse party, then the judgment shall be entered for the possession of the property and against the adverse party and his sureties only for the amount of the lien or the value of such special interest duly established and costs. And the prevailing party shall have the same right of election as provided in Section 5346, paragraph 2.'" (Emphasis added.)

The contention of the plaintiff in error that such a verdict is in the nature of a penalty for the wrongful taking of the property by the plaintiff is without merit. Where the defendant in an action of replevin prevails, he is entitled to damages for the wrongful detention (Voges v. Ward, *supra*); and where the property has a *use value,* such use value may be made the measure fo damages to be recovered over and above the recovery of the value of the defendant's interest in the property.

For the above reasons the order of the lower court granting a new trial is affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.