Appellee sued appellant in replevin for certain crawfish tails and cellophane and cartens alleged to have been wrongfully withheld by appellant. Appellant filed a counterclaim alleging that appellee had verbally contracted with appellant to deliver to appellant for processing at an agreed consideration a million and one-half pounds of sea food that appellant in reliance upon this contract had enlarged its processing plant and that appellee had failed and refused to furnish for processing at the agreed consideration more than some thirty odd thousand pounds crawfish tails. Appellant claimed unliquidated damages for appellee's alleged breach of the contract.
Appellee demurred to the counterclaim on two theories, first, that the counterclaim was improperly filed to an action of replevin; secondly, that the counterclaim was insufficient to state a cause of action.
The trial court sustained the demurrer on the ground that the counterclaim was improperly filed because of the provision of Section 46.08, F.S.A., which forbids the joining of replevin or ejectment with any other action. Thereupon, at the request of the appellant for "an appealable judgment", the trial court entered a final judgment against the appellant on the counterclaim.
It is this judgment that we review.
The action of the trial court in sustaining the demurrer on the ground stated was correct. The Statute, Sec. 46.08, F.S. 1941, F.S.A., expressly provides that *Page 182 
"replevin and ejectment shall not be joined together nor with other causes of action." The obvious purpose of this statute was to limit the scope of these strictly possessory actions to a consideration of the right to possession and damages for the wrongful detention of the specific property described in the declaration. The purpose of the statute would be destroyed if, as contended, it should be limited to restricting plaintiffs from joining other forms of action but, at the same time, permitting defendants in the filing of counterclaims to inject into the trial issues of an entirely different nature.
The language of Sec. 52.11, F.S. 1941, F.S.A., commonly referred to as the "compulsory counterclaim statute" is broad enough, if taken alone, to justify the filing of this counterclaim. But the two statutes must be construed together and, applying the rule that in case of apparent conflict the specific controls over the general, we hold that Section 46.08 is a limitation upon the general language of Section 52.11.
This holding should not be construed as forbidding the filing of counterclaims which go to the right of the plaintiff to recover the specific property; for example, where plaintiff's claim is based upon a special monetary claim against the property and the counterclaim is offered as an offset or recoupment to this monetary claim. Nor should it be construed as forbidding the assertion by a defendant in replevin of a specific claim against the property sought to be replevied. As to such situations, we make no decision at this time.
When the Circuit Court sustained the demurrer to the plea of counterclaim the appellee requested the entry of "an appealable judgment" and the court acceded to this request and entered a judgment dismissing the counterclaim with prejudice and "that defendants take nothing by their counterclaim". Without the specific request of the appellant, the entry of a judgment on the merits of the counterclaim would have been improper, and it may be that injustice will result.
The trial court will not be held in error for entering the judgment requested.
The judgment of the Circuit Court is affirmed.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur. *Page 329