THORNAL, Justice.
The plaintiff, Owen B. Wood, sued the defendant, Howard J. Weeks, in an action in replevin for the repossession of a bulldozer. The trial resulted in a-jury verdict awarding possession of the bulldozer to the defendant, fixing a value of the property at $7,500, and finding the defendant entitled to damages for detention in the amount of $1,700. A judgment followed the verdict and .after denial of the motion for a new .trial, the'plaintiff appealed.
The record does not show the return on the writ of replevin or the filing of a replevin bond. We necessarily assume, however, that the writ was executed for the reason that the testimony showed that the bulldozer had been seized and returned to'the plaintiff’s father, Owen! A. Wood, and the'final judgment is against the plaintiff and Glens Falls Indemnity Co., surety on the plaintiff’s bond. We further note from the record that, actually, notice of appeal was recorded prior to the date of the entry of the order denying the motion for a new trial, whereas, the entry of this order is assigned by the appellant as an error on the part of the trial Judge. No question is raised by the appellee, however, and on the contrary, the appellee proceeds to contest the appeal on its merits, with the result that we will proceed'to consider the merits of the appeal in view of the principle announced by this Court in Lonergan v. Peebles, 74 Fla. 123, 76 So. 694, and Garner v. Garner, 83 Fla. 143, 90 So. 819.
The case arose out of the alleged sale of a' bulldozer, plow and root-rake, which sale' was • made by Owen A. Wood, the father of the appellant, to Howard J. Weeks. There1 is a' great deal of conflicting testimony as to whether the father or the son > owned the equipment at the time of the sale as well as considerable ■ conflict- as to the exact terms of the sale. It is sufficient to note that the evidence is adequate to sustain the conclusion that the father was act *500 ing as agent for the son when the sale was made, that the son confirmed this agency and in all respects approved the sale.
As to the terms of the sale, the record sustains the conclusion that Weeks was to pay a total of $4,200 for the equipment, plus approximately $3,800 for necessary parts to re-condition the equipment, that the parts were furnished by the seller, that Weeks actually paid some $1,200 on the equipment and in addition cleared approximately 80 acres of land for which he was to receive a credit of $20 per acre against the sale price. There was no stipulated method of paying the balance of the sale price, save and except, that Weeks was to “work it out” at some questionable rate of pay and on this score the plaintiff contends that Weeks quit and refused to work and Weeks says that the plaintiff refused to give him any more work to do and pay him a reasonable wage.
But for an apparent error which could result in a substantial injustice we might be inclined to dispose of this case by merely agreeing to the conclusion reached by the able trial Judge when at the close of the case in the absence of the jury he observed, “I think the whole case is a mess.” We might add that after a careful study of this record we can understand how a trial Judge could have been driven to this conclusion. The record sustains the conclusion of the jury and the ensuing judgment to the effect that the defendant was entitled to possession of the equipment. Although the testimony was in conflict, it was the province of the jury to resolve the conflicts and this they have done by their verdict.
On the matter of the value of the property, or defendant’s interest therein, and the damages to be awarded to the defendant for detention thereof under the writ of replevin, it is our conclusion that there was substantial error and that the judgment will have to be reversed for a new trial on these particular questions. It is clear from the record that the defendant had only a special interest in the property involved. It is further clear that he was purchasing the property pursuant to an oral retain title arrangement whereby he agreed to pay $8,000, either in cash or by a process of “working out” the unpaid balance including some allowance to him for his time and effort in re-conditioning the bulldozer. It is further clear that until the purchase price was fully paid, title was retained by the seller. The record fails to show that the full purchase price had been paid. On the contrary, it reveals that the purchaser had paid some $1,200 in cash, plus a credit of 80 acres of clearing-labor at $20 per acre. He did re-condition the bulldozer but there is no indication what he earned for doing this. Beyond these credits there is no indication that the defendant paid any other amounts for the equipment which he agreed to purchase. The verdict and judgment have the effect of allowing the defendant to retain the bulldozer for which he has not made complete payment, or at his election to receive the sum of $7,500, estimated to be the value of the equipment at the time of its replevin, plus $1,700 for detention damages.
It is noted here that there is little or no evidence whatever on the question of the extent of the damages suffered by the defendant during the detention under the writ. It is our view that the value fixed should have been special value to the defendant, based on competent evidence and appropriate instructions and that in order to support the award for detention damages, some appropriate evidence should have been offered. Section 78.21, Florida Statutes 1953, F.S.A.
This case is controlled by the decision of this Court in Voges v. Ward, 98 Fla. 304, 123 So. 785, 794, which involved a somewhat similar situation in that it was shown that the value of the property involved according to the verdict was $3,000, that the defendant held it under a retain title arrangement, and that he had paid only $1,-000 on the purchase price which originally was $4,000. The verdict and judgment awarded to him the full value, plus damages for detention in the amount of $10,560. In *501 setting aside the verdict and judgment this Court held:
“If, by paying only $1,000 on the purchase price, the purchaser can enjoy the possession of the property for six weeks, then default for the remainder, nearly $3,000, and after repossession by the seller can, by any rule of law, become entitled to recover the full value of the property when taken back by the seller, and $10,560 for its use from the time of the taking to the time of the verdict, there must be something wrong with the rule. Such a rule would put a premium on the breaking of a contract, and make its breach more profitable than its performance.
“The defendant was not the owner of the property, and was not entitled to a verdict against the plaintiff, the general owner, for its full value, at the time of the taking, as shown by the evidence, to wit, $3,000. He only had an equitable or special interest in the property, in the nature of a vendee’s equitable lien, proportionate to the amount of the purchase price which he had paid, which in this case was $1,000, or approximately one-fourth of the total purchase price. Thus the verdict and judgment should have been for the value of defendant’s special interest, which was approximately one-fourth the value of the property at the time of the wrongful taking, and which could not in any event have exceeded the amount he had paid on the purchase price of the property. * * * ”
The judgment of the lower Court is affirmed insofar as it awards the possession of the equipment to the defendant, and reversed for a new trial on the question of the value of the special interest of the defendant in the equipment involved and damages for detention.
Affirmed in part, and reversed in part, for further proceedings in accordance with this opinion.
DREW, C. J., THOMAS, J., and JONES, Associate Justice, concur.