THOMAS, Justice.
The appellant was plaintiff in the circuit court and seeks here a reversal of the chancellor’s order dismissing its complaint. In the pleading it was averred that the appellant had sold to the appellee a truck accepting a down payment of $300, $10 in cash and a check for $290. When the check was presented, payment was refused because of insufficient funds. The appellant assigned the contract of purchase to Associates Discount Company and later the contract was re-assigned to appellant. According to the bill, numerous conferences were held between appellant’s agents and the appellee about the unpaid part of the purchase price represented by the worthless check and the ap-pellee continually promised to pay the amount due.
Sometime before the re-assignment, it was discovered that the appellee had placed the truck on blocks and removed the wheels, tires and battery from the vehicle. Upon making this discovery, the appellant brought an action of replevin in the Civil Court of Record to repossess the truck. It was determined by that court that under the contract, title remained in the appellee and the appellee elected to take a judgment for the value of the truck instead of retaining the property.
No appeal was taken from the judgment entered in the Civil Court of Record the appellant having “since taken the point of view that it would accept the fact that title was in the * * * defendant [ap-pellee]” to quote from the complaint.
This factual situation was the basis of appellant’s novel theory expressed, in the complaint, that it had a vendor’s lien against the vehicle for the unpaid portion of the purchase price in the amount of $1,538.88 and inasmuch as “the * * * money [recovered by the defendant in the replevin action] stands in lieu of * * * the * * * vehicle, and since the lien * * * was against the vehicle, the lien now is attached to the money, which is being held by the plaintiff.”
The appellant in support of its position cites the case of Wood v. Weeks, Fla., 81 So.2d 498, in which this court held that a purchaser who prevailed in an action of replevin brought by the seller could not recover the full value of the property but only the value of his special interest. This was a position appellant should have asserted when it was a party litigant in the very case it had instituted in the Civil Court of Record. As we have seen, the appellant chose not to appeal and the adjudication in that court will not be disturbed in this appeal from an order dismissing the bill to enforce a lien.
We find no merit in the claim that appellant has a lien on the truck for upon entry of the judgment after appellee had elected to recover money instead of property, the latter became appellant’s and if any lien existed, it was extinguished by its merger with the title.
When judgment was entered in the Civil Court of Record and no appeal from it was taken the appellant got the truck and ap-pellee was awarded the judgment. That judgment fixed the status both of the property and the money recoverable from *786 appellant by appellee. Even if the appellant held a lien on the vehicle when the action was instituted in the Civil Court of Record, the lien would not survive the adjudication by that court. Nor, by the same token, could such lien be revived against the money the appellant had been adjudicated to owe.
The decree is affirmed.
TERRELL, C. J., and HOBSON, THORNAL and O’CONNELL, JJ., concur.