117 So.2d 519 (1960)
L.C. HUCKLEBERRY and Jack Yoder, d/b/a Acme Die & Supply, Appellants,
v.
DAVIS DOUBLE SEAL JALOUSIES, INC., a Florida Corporation, Appellee.
No. 59-333.
District Court of Appeal of Florida. Third District.
February 1, 1960.
Rehearing Denied February 18, 1960.
*520 Charles J. Bodner, Miami, for appellants.
Louis Winter, Miami, for appellee.
HORTON, Chief Judge.
Defendants appeal from a final judgment in a replevin action which awarded possession of an automatic die to the plaintiff and dismissed the defendants' counterclaim. The automatic die, the subject of the replevin action, was one of five items manufactured by the appellants for the appellee pursuant to a written contract. The die was delivered to the appellee and was reacquired by the appellants for the purpose of making corrections. Corrections were not made but the appellants continued to hold the die, demanding payment in full for all work done under the contract.
Appellee instituted the replevin action, posted a replevin bond and secured possession of the automatic die when the appellants failed to post a forthcoming bond. The appellants answered, pleading not guilty and claimed a lien for the unpaid balance on the contract. Appellants also *521 counterclaimed for the amount due and owing on the contract and sought punitive damages. The judgment from which appeal is taken followed a trial before the court without a jury.
Appellants have raised three points which we consider warrant discussion. First, the court erred in finding that the appellee was entitled to a judgment of possession. Second, the court erred in entering a judgment without determining the special interests of the parties. Third, the court erred in striking the counterclaim of the appellants.
Under the first point, the appellants' basic argument is that until the full contract price was paid by the appellee, it was not entitled to possession and therefore the judgment awarding possession to appellee was error. Collateral to this argument is the appellants' contention that since the balance due on the contract was not paid, the appellants, as sellers, would have a lien on the chattel. These contentions may have had merit if the appellants had not delivered possession of the chattel to the appellee. On the last delivery of the chattel to appellants by appellee, it was understood that the appellants would attempt to correct certain features of the die complained of by the appellee and return the same. Instead, appellants announced that they would make no more corrections but would hold the die until the contract price had been paid in full. Assuming, but not deciding, that appellants may have originally had a right to a lien (§ 85.12, Fla. Stat., F.S.A.) for the unpaid balance of the purchase price, nevertheless, such lien rights as they may have had were lost upon a delivery of the die to the appellee. See Foster v. Thornton, 131 Fla. 277, 179 So. 882, 892. A re-delivery by appellee for the express purpose of making alterations would not revive appellants' lien rights for the unpaid balance of the purchase price, but would at most constitute the basis of a lien for the alterations made. See 46 Am.Jur., Sales, § 525, p. 689. Accordingly, we find appellants' first point to be without merit.
The appellants contend that the court should have determined their special interest in the property replevied, being the unpaid balance due under the contract, and awarded the appellants a judgment on their answer and counterclaim. Since the property replevied was not returned under forthcoming bond to the appellants, the only triable issue before the court was a determination of who was entitled to possession. The trial judge concluded that the appellee was so entitled and pursuant to § 78.18, Fla. Stat., F.S.A., entered judgment accordingly for appellee. It is only when the court awards judgment against the plaintiff for possession of the property and against the plaintiff and his surety for the value thereof that the court is authorized to determine and award the special interest in the property replevied. See §§ 78.19 and 78.21, Fla. Stat., F.S.A. In this instance, the right under the statute for determination of special interest never existed for the reason that the judgment of possession was in favor of the plaintiff where the goods had not been delivered to the defendants upon forthcoming bond.
Replevin is a possessory statutory action at law in which the main issue is the right of possession. See Klein v. G.F.C. Corporation, Fla.App. 1958, 103 So.2d 120. By statutory admonition,[1] replevin cannot be joined with other causes of action. Consequently, appellants' counterclaim grounded upon a contract which claimed damages independent of the replevin action and where the claim did not represent a specific charge against the property sought to be replevied, was merely an attempt to interject into a possessory action an issue condemned by the statute. See Seven Seas *522 Frozen Products v. Fast Frozen Foods, Fla. 1949, 43 So.2d 181, and Millsom v. Demmon, 107 Fla. 955, 144 So. 332.
Failing to find error in the judgment appealed, it is accordingly affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.
NOTES
[1] § 46.08, Fla. Stat., F.S.A., provides:

"Causes of action, of whatever kind, by and against the same parties in the same rights, may be joined in the same suit, except that replevin and ejectment shall not be joined together nor with other causes of action."