HORTON, Judge.
Appellant, plaintiff and counter-defendant below in a replevin action, seeks review of an adverse final judgment. We reverse.
The parties were engaged in a contractual relationship whereby the appellant would supply the appellee with fabric and the ap-pellee would cut the fabric, add linings, buttons and zippers, assemble a garment, and return the finished product to the appellant. A dispute between the parties culminated in the appellant’s bringing suit in the civil court of record to replevy previously delivered uncut fabric with a sworn value of $4,990.78. A writ of replevin issued directing that a specified quantity of fabric described by style number and trade name be taken into custody. The writ was executed, the sheriff’s return indicating that only a small quantity of the fabric seized was uncut. The balance had been cut and was in varying stages of manufacture, ranging from cut panels to finished garments. The appellee moved to dissolve the writ and transfer the cause to the circuit court. After some intermediate skirmishing, the court transferred the cause to the circuit court upon a finding that the fabric involved had a value in excess of $5,000. There *356 after, on February 1, 1962, the appellee answered and counterclaimed seeking to assert a lien for labor, services and materials expended in improving the fabric, and recover damages for wrongful replevin and breach of contract. On March 29, 1962, appellant moved to dismiss the counterclaim. This motion was never set for hearing or ruled upon. Ultimately the cause came on for hearing and the trial court entered a final judgment in favor of the appellee for $8,022.33, upon a finding that the seizure by the sheriff was improper, since he seized goods and materials to which the appellee had added his own goods, materials, labor and services in changing them to finished garments.
Appellant contends the trial court erred in granting judgment in favor of the appellee on his counterclaim. We find this contention has merit.
 Replevin is a possessory statutory action at law in which the main issue is the right of possession. Huckleberry v. Davis Double Seal Jalousies, Inc., Fla.App. 1960, 117 So.2d 519; Klein v. G. F. C. Corporation, Fla.App.1958, 103 So.2d 120. By statutory admonition it cannot be joined with other causes of action. Section 46.08, Fla.Stat., F.S.A.[1] This is true whether joinder is attempted by the plaintiff in a complaint or by the defendant’s counterclaim in a replevin action. As stated in Seven Seas Frozen Products v. Fast Frozen Foods, Fla.1949, 43 So.2d 181:
“The obvious purpose of this statute [46.08, supra] was to limit the scope of these strictly possessory actions to a consideration of the right to possession and damages for the wrongful detention of the specific property described in the declaration. The purpose of the statute would be destroyed if * * * it should be limited to restricting plaintiffs from joining other forms of action but at the same time, permitting defendants in the filing of counterclaims to inject into the trial issues of an entirely different nature.”
However, a defendant may file a counterclaim which represents a specific charge against the property sought to be replevied, or which goes to the right of the plaintiff to recover the specific property. See Huckleberry v. Davis Double Seal Jalousies, Inc., supra; Seven Seas Frozen Products v. Fast Frozen Foods, supra.
Reverting to the case at bar, although the appellee’s counterclaim included a claim representing a specific charge against the fabric, we conclude it was fatally defective since it also claimed damages for breach of contract independent of the replevin action and to a large extent was merely an attempt to interject into a possessory action issues condemned by the statute.
We have examined the remaining questions posed by the appellant and find them to be without merit.
Accordingly, the judgment appealed is reversed, and the cause is remanded for further proceedings not inconsistent herewith, without prejudice to the appellee’s right to file a proper counterclaim restricted to such specific charges as he might have against the property replevied and/or against the appellant’s right to recover the same.
Reversed and remanded.

. This section provides: “Causes of action, of whatever kind, by and against the same parties in the same rights, may be joined in the same suit, except that replevin and ejectment shall not be joined together nor with other causes of action.”