165 So.2d 209 (1964)
Willard VAN HOOSE, Appellant,
v.
Robert Glen ROBBINS, Appellee.
No. 4310.
District Court of Appeal of Florida. Second District.
June 12, 1964.
*210 William H. Roundtree, Cocoa, for appellant.
Howell, Kirby, Montgomery & Sands, Cocoa, for appellee.
WHITE, Judge.
We here review a final judgment entered for the plaintiff in a replevin action which arose from an apparent landlord and tenant relationship between the parties. The amended complaint alleged that the plaintiff was entitled to possession of certain personalty.[1] The defendant answered stating *211 that he had a legal right to a possessory lien against the described property for rent due him from the plaintiff.[2] The answer did not allege the manner in which defendant obtained possession nor did it allege that the involved personalty was found on the premises let to plaintiff.[3] The defendant counterclaimed for arrearage of rent and for damages to the realty. The latter claim for damages was dropped and is not asserted on appeal. On motion of plaintiff the counterclaim was dismissed without prejudice to defendant to pursue his claim by separate action, and summary judgment on the pleadings was entered for the plaintiff. We affirm.
Replevin is a possessory action at law in which the main issue is the right to possession. By statutory proscription it cannot be joined with other causes of action.[4] Although a counterclaim may be allowed in some instances, the present "counterclaim" was properly dismissed because it did not plead anything to offset the right of the plaintiff to recover the described property nor did it assert a specific charge against the property sought to be replevied. See National Leasing Corp. v. Bombay Hotel, Inc., Fla.App. 1964, 159 So.2d 111; Seven Seas Frozen Products, Inc. v. Fast Frozen Foods, Inc., Fla. 1949, 43 So.2d 181; Sandy Isles of Miami, Inc. v. Futernick, Fla.App. 1963, 154 So.2d 355; Huckleberry v. Davis Double Seal Jalousies, Inc., Fla. App. 1960, 117 So.2d 519. Aside from the statutory policy against the joinder of other causes with replevin, we think that if the defendant were permitted to assert his claim of lien by counterclaim, under the facts as pleaded or implicitly admitted, it would lend unbecoming dignity to his transgression in assuming possession of the plaintiff's property without formal process of law.
It is recognized that a landlord has a general statutory right of re-entry,[5] and where the tenant has actually abandoned the premises the landlord is licensed to re-enter and take possession. See 52 C.J.S. Landlord and Tenant § 717. This general right of re-entry, however, is not unqualified and may not be asserted by trespass on the lessee's unforeclosed right of possession. e.g. Baker v. Clifford-Mathew Inv. Co., 1930, 99 Fla. 1229, 128 So. 827; Waits v. Orange Creek Turpentine Co., 1936, 123 Fla. 31, 166 So. 449; Adelhelm v. Dougherty, 1937, 129 Fla. 680, 176 So. 775, 777. Absent abandonment or voluntary relinquishment of the leasehold, the landlord's right to re-enter precedent to taking possession should appear as a matter of contract or be established by prescribed legal process. Neither the answer *212 nor the counterclaim in this case supplied the allegations necessary to effectively deny plaintiff's alleged right to possession.
Personalty which is ostensibly owned by a tenant may be subject to bailments, conditional sales contracts or chattel mortgages, etc. This relatively fluid status of tangible personalty in today's complex business world demands orderly method and specificity in the enforcement of claims of lien on personalty. Although the instant record is silent as to defendant's precise method of obtaining possession, there was mutual assent on oral argument that the property was taken without actual or implied consent and without resort to statutory distress.[6] Our conclusion is that the defendant's lien, which was procedurally unperfected, did not give him the right to assume and withhold possession of the plaintiff's property in the manner indicated; that Fla. Stat. § 83.08, F.S.A. does not provide or confirm in the landlord a self-executing possessory lien; and that the promulgation of statutory distress under said Chapter 83, viewed in the light of Fla. Stat. § 2.01, F.S.A.,[7] effectively superseded common law distress  at least in cases where abandonment by the tenant is not clearly evident.
Statutory distress was the method by which the defendant should have proceeded to perfect his claim of lien. The federal appellate court for this circuit has reached the same conclusion. See City Building Corporation v. Farish, 5 Cir., 1961, 292 F.2d 620, which held:
"Distress for rent is a common law remedy and one of the rare cases in which the law allowed `a man to be his own avenger, or to minister redress to himself.' 3 Cooley's Blackstone 3rd Ed. 5. This common law remedy of distress for rent, existing without statute and creating a lien upon seizure of the tenant's property, has been superseded in most jurisdictions, as in Florida, by a statutory remedy. The common law remedy of distress for rent is still extant where not abolished or superseded by statute and is still being exercised." (emphasis added)
Replevin is a possessory action and a lien or claim of lien, without more, does not necessarily denote right to possession. The defendant's answer was a bare assertion of rightful possession incident to his claim of a landlord's lien. This was ineffectual. It failed to deny plaintiff's alleged right to possession and also failed to allege facts affirmatively showing that the defendant had rightfully come into possession of the subject personalty.
The defendant having failed to allege anything which went to the right of the plaintiff to recover the specific property and having failed to effectively plead a specific claim against the property sought to be replevied, his counterclaim was properly dismissed. In the circumstances defendant's remedy with respect to his landlord's lien was by separate action. This was recognized by the trial court's order and judgment which dismissed the attempted counterclaim without prejudice to its adjudication in a separate proceeding.
Affirmed.
SMITH, C.J., and MELVIN, WOODROW, Associate Judge, concur.
NOTES
[1] The amended complaint reads as follows:

"Plaintiff ROBERT GLEN ROBBINS sues Defendant WILLARD VAN HOOSE and says:
"1. He is the plaintiff in the above described cause and is lawfully entitled to possession of the following described property:
"One (1) Stove
One (1) Refrigerator
One (1) Washing machine
Two (2) three-quarter children's beds
One (1) Master bedroom suite
One (1) Dinette Suite
"2. That the true value of said property is the sum of $1,000.00; that said property has not been taken for any tax, assessment or fine levied by virtue of any law of the State of Florida, nor seized under any execution or attachment against the goods and chattels of said plaintiff liable to execution and that the above named Defendant has possession of the above described personal property and detains the same from said Plaintiff in the County of Brevard, State of Florida.
"WHEREFORE Plaintiff demands return of his property, damages in the sum of $500.00 for wrongful detention and costs of this action."
[2] Although the answer did not track the language of the statute, defendant claims his right under Fla. Stat. § 83.08, F.S.A. which provides: "Every person to whom rent may be due, * * * shall have a lien for such rent upon the property found upon or off the premises leased or rented * * *."
[3] See Fla. Stat. § 83.08, subsections (2) and (3), F.S.A.

It is also notable that the answer failed to allege existence of an exception to Fla. Stat. § 83.09, F.S.A. which reads: "No property or any tenant or lessee shall be exempt from distress and sale for rent, except beds, bed clothes and wearing apparel." (emphasis added)
[4] Fla. Stat. § 46.08, F.S.A. reads in pertinent part: "Causes of action, of whatever kind, by and against the same parties in the same rights, may be joined in the same suit, except that replevin and ejectment shall not be joined together nor with other causes of action." (emphasis supplied)
[5] Fla. Stat. § 83.05, F.S.A.
[6] Fla. Stat. §§ 83.11-83.13, F.S.A.
[7] Fla. Stat. § 2.01, F.S.A. "Common law and certain statutes declared in force.  The common and statute laws of England which are of a general and not a local nature, with the exception hereinafter mentioned, down to the fourth day of July, 1776, are declared to be of force in this state; provided, the said statutes and common law be not inconsistent with the constitution and laws of the United States and the acts of the legislature of this state."