179 So.2d 868 (1965)
William BUTLER, Appellant,
v.
Dominick J. MIRABELLI, Appellee.
No. 4709.
District Court of Appeal of Florida. Second District.
October 21, 1965.
Rehearing Denied November 22, 1965.
*869 George E. Bunnell and Don G. Nicholson, of Nicholson, Howard & Brawner, Miami, for appellant.
Norman C. Roettger, Jr., of Fleming, O'Bryan & Fleming, Ft. Lauderdale, for appellee.
SMITH, Acting Chief Judge.
William Butler, the defendant in a replevin action, appeals the final judgment as amended which found him entitled to possession of the yacht "Tiki" subject, however, to the plaintiff's claim which the trial court held to be a mortgage securing a loan in the amount of $11,000. The defendant was awarded interest but was denied loss of use damages on the ground that he had not put up a forthcoming bond. The plaintiff-appellee has moved to dismiss the appeal. The motion is denied.
In May 1961 the defendant Butler purchased the yacht in question for $21,000 and in June 1962 sold it to Mach II, a closely held corporation of which J. Bruce Morey was president and controlling stockholder. The sale price was $18,000, $5,000 of which was credited to Butler and the $13,000 balance was to be deposited in Butler's account. The balance was not paid and in August 1962 Butler began negotiations for return of the vessel for failure of consideration.
On August 29, 1962 Mach II gave to Dominick J. Mirabelli, the plaintiff-appellee herein, a bill of sale to the "Tiki" in exchange for $10,000 with option to repurchase within six months for $11,000. Possession remained in Mach II, and the said corporation was to maintain insurance on the vessel. The evidence conflicts as to whether the defendant Butler had knowledge of this transaction. Butler continued to demand return of the vessel from Mach *870 II, and on September 20, 1962 Mach II gave Butler a bill of sale in consideration of appropriate credit. Possession was transferred back to Butler who had the boat overhauled and put in "first class condition" purportedly raising its value to $21,000.
Upon learning that possession of the vessel was in the defendant, the plaintiff Mirabelli, who had never been in actual possession of the yacht, asserted claim of ownership and instituted replevin. The defendant joined issue without posting a forthcoming bond and retaking the property.[1] The trial court, sitting without a jury, found in substance (1) that the transaction between plaintiff Mirabelli and Mach II was a loan[2] collaterally secured and not a sale; (2) that Butler had knowledge of the transaction between Mirabelli and Mach II and was not a bona fide purchaser for value; (3) that the defendant was entitled to possession of the yacht or to its value subject to plaintiff's lien plus interest; and (4) that the defendant was not entitled to damages for loss of the use of the yacht, but was entitled to interest on the value during the time it was detained. The court further found that the vessel was worth "a minimum of $17,000" and by the alternative value judgment awarded the defendant $17,000 minus the $11,000 "mortgage"  or $6,000 net. The defendant appealed and the plaintiff filed cross-assignments of error.
The trial court acted well within its authority as finder of fact, and without further elaboration we affirm the judgment insofar as it (1) adjudges the right of possession to be in the defendant Butler; (2) finds that the defendant was not a bona fide purchaser for value with respect to plaintiff's claim; and (3) adjudges plaintiff's transaction with Mach II not a sale but in effect a mortgage. Other points warrant further consideration.
The defendant first urges on his appeal that the trial court erred in setting off plaintiff's claim inasmuch as such adjudication had the effect of (1) transforming the claim into a bona fide mortgage lien; and (2) foreclosing said mortgage lien without requisite foreclosure proceedings.[3] We do not agree and affirm that part of the alternative judgment finding defendant entitled to value less plaintiff's claim plus interest. Florida Statute 46.08, F.S.A., provides that an action of replevin cannot be joined with other causes of action. This proscription, however, does not prevent a party from asserting a specific charge against the property that is the subject of a replevin action. Van Hoose v. Robbins, Fla.App. 1964, 165 So.2d 209, and cases cited therein. The purpose of the statute [46.08] is to prevent injection into the trial of issues of an entirely different nature. Seven Seas Frozen Products, Inc. v. Fast Frozen Foods, Inc., Fla. 1949, 43 So.2d 181; Sandy Isles of Miami, Inc. v. Futernick, Fla.App. 1963, 154 So.2d 355. It is when the court awards judgment against the plaintiff for possession of the property and against the plaintiff and his surety for the value thereof that the court is authorized to determine and award a special interest on the property replevied. Huckleberry v. Davis Double Seal Jalousies, Inc., Fla.App. 1960, 117 So.2d 519.
The circumstances of the case we consider here clearly demonstrate the wisdom of the above rule. In order for the defendant to prevail it had to be proven that the plaintiff's interest in the property was only that of a chattel mortgagee. On appeal the defendant urges the above finding of a special interest in the plaintiff should be conclusive as to defendant's right to possession but should not play any part in the defendant's alternative judgment for value. In effect he contends that should he elect to reject possession of the "Tiki" and to exercise the value judgment then he should be able to collect $17,000 from the plaintiff irrespective of plaintiff's interest. This *871 would leave the plaintiff in the ridiculous position of being in possession of a yacht for which he must pay full value ($17,000) and upon which he holds a chattel mortgage which he can foreclose against no one but himself or against no property except his own. Such an absurd result could not be sustained.
The adjudication of the plaintiff's lien does not have the adverse effects contended by the defendant but merely preserves the status of the parties as they existed prior to the replevin action.
The defendant next asserts that it was error to find the value of the vessel to be only $17,000 on the date it was replevied. The record reveals much evidence of a conflicting nature on this question. The record contains substantial competent evidence to sustain the trial court's finding on this issue.
Finally the defendant contends the court erred in failing to award him damages for plaintiff's detention of the "Tiki" under the writ of replevin. Plaintiff contends defendant was correctly denied damages because the controlling statute, Fla. Stat. 78.21, F.S.A., makes no provision therefor. To work our way through this maze it becomes necessary that we consider several things:
1) Whether a prevailing defendant in a replevin action who has not retaken possession of the property by virtue of posting a forthcoming bond is entitled to damages and if so the nature of such damages.
2) What damages, if any, the appealed order awarded the defendant and whether the record would sustain a finding of a different measure of damages.
Florida has four replevin statutes, each dealing with a separate set of circumstances. Fla.Stats. 78.18 (plaintiff) and 78.20 (defendant) F.S.A., set out what the judgment is to cover in cases where the prevailing party is in possession of the property by virtue of either his replevin or forthcoming bond. Each of these statutes specifically provides the prevailing party shall be entitled to damages. Fla. Stats. 78.19 (plaintiff) and 78.21 (defendant) F.S.A., control cases where the prevailing party is not in possession of the property either by a taking under plaintiff's replevin bond or a retaking under defendant's forthcoming bond. These two statutes make no specific provision for damages either to a prevailing plaintiff or to a prevailing defendant. Therefore, plaintiff-appellee concludes that the statute precluded any award for damages in this case for the detention of the "Tiki" under the writ of replevin.
Were this as far as our analysis had to go we could accept plaintiff's forceful argument. However, since §§ 78.19 and 78.21 are worded exactly the same we must look to the case law under both sections to see how they have been construed. The case law as it relates to damages to which a prevailing defendant is entitled is not crystal clear but a study of the case law as it relates to both defendant and plaintiff causes us to reject appellee's contention. Wood v. Weeks, Fla. 1955, 81 So.2d 498; Leitner v. G. Boromei Fish Co., Fla. 1939, 140 Fla. 74, 191 So. 76; Voges v. Ward, 1929, 98 Fla. 304, 123 So. 785; Ocala Foundry and Machine Works v. Lester, 1905, 49 Fla. 199, 38 So. 51. Even though not spelled out in the statute a prevailing party in a replevin action is entitled to damages.
Keeping in mind that damages may be awarded either in terms of interest or loss of use, we turn now to a study of the order here appealed to see if the court committed reversible error on the issue of the defendant's damages. This requires a brief look at what occurred in the court below for clarification.
The court issued an original order September 12, 1963 awarding the defendant possession and $24,000 in loss-of-use damages *872 based on the "bare-boat" weekly rental value of yachts similar to the "Tiki." In the alternative this order awarded the defendant the value of the boat less the plaintiff's claim but failed to award interest.
However, upon rehearing the court amended the order as it related to damages and provided in part:
"It is thereupon, ORDERED AND ADJUDGED that the provisions of the final judgment of September 12, 1963, providing for damages for the rental value of the property, be, and the same is hereby vacated and held for naught.
"It is further ORDERED AND ADJUDGED that the defendant, William Butler, do have and recover from the plaintiff interest on the value of the property, to-wit, $17,000, at the rate of 6% per annum from October 9, 1962 [the date the yacht was replevied] to date.
"It is further ORDERED AND ADJUDGED that in all other respects the final judgment of September 12, 1963 shall remain in full force and effect."
This amended order had the effect of leaving the defendant with judgment for possession with interest on the value from the date the yacht was replevied as his measure of damages or an alternate judgment for value plus interest less the amount of plaintiff's special interest in the property. Although the court in this amended order appeared to subscribe to plaintiff's argument that no damages were allowable he, in the same order, actually made such an award in terms of interest on the value of the "Tiki." Interest on the value  is a proper measure of damages in an action in replevin. Ocala F. & M. Works v. Lester, supra.
Having decided damages are allowable, and that the court did actually make an award of damages, the real question at this point is whether the court erred in awarding damages in terms of interest on the value of the "Tiki" or whether the defendant, under the possession option part of the judgment, should have been awarded damages for loss of use of the "Tiki."
The trial court over the objection of the plaintiff admitted all of the defendant's evidence on the question of damages, so the issue was fully litigated below. This evidence consisted of the deposition testimony of a yacht broker to the effect he had chartered a boat like the "Tiki" for several months during the time involved at a price of about $500 per week. The deposition of a second yacht broker was to the effect that a sister ship of the "Tiki" chartered for $490 a week in the off season and $525 per week during the season. He identified the months constituting each season. The prices were bare boat. He further testified that the demand for that type of boat exceeded the supply for bare-boat charter but in another portion of his deposition the broker states that he had a listing on the "Tiki" for sale or charter for some time vaguely stating neither to be days nor weeks but months during which it was neither sold nor chartered and that the charter market in South Florida usually pretty much comes to an end in April and that she was available in the off season, and when asked if the used charter market was a little on the slow side if not definitely slow he stated he didn't know anything about that, that he just stuck to his own business and he was not interested in anybody else's. The defendant testified he had intended to charter the "Tiki" until he could sell her and the record contains a letter from a yacht broker to the defendant suggesting he consider chartering the boat to "pick up quite a bit of change." The defendant also testified the use he planned to make of the "Tiki" was "get it in condition; sell it. Then when I found out about the charter prices, I was going to charter it until it was sold."
It is not clear from the record whether the defendant was attempting to *873 prove loss of profit damages or loss of use damages, but since all of his evidence went to his alleged loss of charter income, the latter seems more likely. There must be competent evidence to show the actual loss before an award of loss of profit damages is proper. New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., 1935, 122 Fla. 718, 166 So. 856.
The question then becomes whether or not the evidence was sufficient to support loss of use damages. There must be competent, substantial, appropriate evidence in the record as a basis for detention damages based on loss of use value. Wood v. Weeks, supra; Voges v. Ward, supra. A study of this record reveals such evidence is not present and we find, although the court may have done so for mistaken reasons, that there was no error in failing to award damages for loss of use.
All of the evidence on the question of damages for loss of use of the "Tiki" was too speculative, conjectural and vague to give the court any reasonable basis on which to make such an award. Testimony that boats like the "Tiki" brought from $50 to $500 per week for charter may be relevant as to evidence of the value of loss of use but it is not the proper measure of those damages. Cook v. Packard Motor Car Co. of N.Y., 1914, 88 Conn. 590, 92 A. 413. There was no evidence to the effect that the "Tiki" had ever been chartered; there was no evidence that the "Tiki" could have been and would have been chartered during the entire time of its detention. It is well established that before damages may be awarded there must be evidence authorizing or justifying the award of a definite amount. Berwick Corporation v. Kleinginna Investment Corporation, Fla.App. 1962, 143 So.2d 684.
Since we affirm we do not deal with appellee's cross-assignments of error relative to the denial of a jury nor with his contention that the defendant failed to plead loss of use damages.
Affirmed.
ANDREWS, J., concurs.
TROWBRIDGE, C. PFEIFFER, Associate Judge, concurs in part and dissents in part.
TROWBRIDGE, C. PFEIFFER, Associate Judge (concurring in part and dissenting in part).
I concur in the opinion of Judge Smith except that portion determining that the evidence of loss of use was not sufficient.
NOTES
[1] Sec. 78.13, Fla. Stat., F.S.A.
[2] Sec. 697.01, Fla. Stat., F.S.A.
[3] E.g. Sec. 702.01, Fla. Stat., F.S.A. "All mortgages shall be foreclosed in chancery, unless otherwise provided by statute."