PER CURIAM.
The appellee, Gene J. Dodson, was the plaintiff and the appellant, Goodbody & Co., was the defendant in the circuit court in an action in which Mrs. Dodson sought the recovery of her securities which had been entrusted with Goodbody for safekeeping. After the filing of the suit but prior to the trial, the securities were surrendered to Mrs. Dodson. After a trial before a jury the appellee recovered a judgment in the amount of $44,000 compensatory damages and $1.00 punitive damages. This appeal is from that judgment.
The appellant has assigned as error (1) the court’s entry of the final judgment; (2) the court’s failure to direct a verdict for the defendant appellant; (3) the court’s action in granting plaintiff’s requested instructions one through four and (4) the court’s denial of defendant’s requested instructions one through seven. On this appeal the appellant has raised five points. The first and the fifth points are directed to argument as to damages. The second, third and fourth points urge an insufficiency of the evidence and therefore are directed to the refusal of the court to direct the verdict.
We consider first the points going to the question of a directed verdict. Good-body filed an answer admitting that it had held Mrs. Dodson’s securities. The answer also incorporated a counterclaim in which Goodbody alleged it had erroneously credited Mrs. Dodson’s account during the time that it was handling the account. In the counterclaim Goodbody demanded damages consisting of the amount of the alleged overcredit which was in the sum of $10,-471.71. The jury found against Goodbody and no damages were awarded on the counterclaim. Appellant’s assignment of error does not question this adverse verdict and judgment on the counterclaim. Inasmuch as appellant admitted it withheld the appellee’s property for a stated period of time, and inasmuch as the jury found that the alleged overcharge which was the excuse for holding Mrs. Dodson’s property did not, in fact, exist, then there can be no question as to the sufficiency of the evidence to sustain a verdict in some amount for the damages caused by the detention. We therefore hold that no error has been demonstrated under appellant’s points directed to the sufficiency of the evidence to support a verdict for the ap-pellee.
Appellant’s first point urges that the judgment must be reversed because the court instructed the jury “As a rule this measure of damages will be six (6%) per cent interest on the value of the property withheld from her from the date of the wrongful detention until the date of its return.” This statement of the trial court is supported by the law as stated in Florida Trust & Banking Co. v. Consolidated Title Co., 86 Fla. 317, 98 So. 915 (1924). See also Ocala Foundry & Machine Works v. Lester, 49 Fla. 199, 38 So. 51 (1905); Voges v. Ward, 98 Fla. 304, 123 So. 785 (1929).
Appellant’s remaining point number five urges that the plaintiff waived her right to those damages which accrued after the institution of the action because she elected to forego a writ of replevin which would have placed her in immediate possession upon execution of an appropriate bond and instituted her action pursuant to the second sentence of § 78.01 Fla.Stat., F.S.A. This sentence reads as follows:
“ * * * Or such person may seek like relief, but with summons to defendant instead of replevy writ in which event no bond is required and the property shall be seized only after judgment, such judgment to be in like form as that pro *884 vided when defendant has retaken the property on a forthcoming bond.”
We think that appellant’s argument is without merit because it will be observed from a reading of the sentence that the statute directs a judgment “to be in like form as that provided when defendant has retaken the property on a forthcoming bond.” Section 78.19(1) Fla.Stat., F.S.A. provides for judgment for the plaintiff when goods are delivered to the defendant on his forthcoming bond. This section provides for a judgment for the delivery of the property and makes no mention of damages caused by the taking and detention as in § 78.18 Fla.Stat., F.S.A. Nevertheless we hold that even though not spelled out in the statute, a prevailing party in a replevin action not in possession of the property by taking under bond is entitled to damages. Butler v. Mirabelli, Fla.App.1965, 179 So.2d 868.
Affirmed.