## JOHNSTON v. WILSON.
### No. 76-7340.
Circuit Court, Hillsborough County, Civil Appeal.

December 3, 1976.

Stephen F. Hanlon of Law, Inc. of Hillsborough County, for the appellant.

O. D. HOWELL, Jr., Circuit Judge.

We review here a final judgment for the defendant-appellee in a replevin action which arose from a landlord and tenant relationship between the parties. The plaintiff-appellant alleged in his statement of claim in the replevin action filed in the county court that he was entitled to possession of certain property — his clothing, boots, shoes, soap, bleach, shaving materials, comb, toothpaste, cleanser, shoe polish, dishes, silverware, pots and pans, lampshade, electric blanket, sheets and pillow, heating pad, suitcases and glasses. The defendant-appellee failed to answer or file any responsive pleading, but appeared in person at trial. The trial court made findings of fact and conclusions of law and entered final judgment in favor of the defendant-appellee.

Plaintiff rented certain premises from defendant or use as his place of residence. The tenancy was from month to month. Plaintiff failed to pay the rent due defendant on time and plaintiff incurred utility charges at the premises which he failed to pay. The defendant took possession of virtually all of plaintiff's personal and household goods not on plaintiff's body and refused to return these goods to plaintiff unless and until plaintiff paid defendant the amount of rent owed defendant and the unpaid utility bills.

Upon these facts, the trial court made the following conclusions of law —

> "The court finds as a matter of law that the plaintiff being indebted to the defendant in the amount of $327 for unpaid rent and $115 for unpaid utility bills, as set forth above in the court's findings of fact, plaintiff is not entitled to a writ of replevin and his statement of claim in replevin should therefore be denied."

The issue on this appeal, then, is whether the fact that a tenant is indebted to his landlord for rent and unpaid utility bills for premises rented by the tenant from the landlord can defeat the tenant's right to a writ of replevin to recover possession of his personal and household goods being detained by the landlord.

With the enactment of the "Florida Residential Landlord and Tenant Act," (Chapter 83, Part II, Florida Statutes), in 1973,

the legislature abolished statutory and common-law distress for rent (§713.691(3), Florida Statutes) with respect to residential tenancies, leaving that remedy available only to the non-residential landlord (§§83.11 through 83.19).

Section 713.691(1), however, provides in pertinent part —

> "With regard to a residential tenancy, the landlord has a lien on all personal property of the tenant located on the premises for accrued rent due to the landlord under the rental agreement."

Although this section of the statute has yet to be construed by the Florida courts, a very similar statute (which then applied to residential tenancies) was applied to facts almost identical to the instant case in *Van Hoose v. Robbins*, 165 So.2d 209, (Fla. App. 2, 1964). The statute read in pertinent part —

> "Every person to whom rent may be due . . . shall have a lien for such rent upon the property found upon or off the premises leased or rented, and in the possession of any person, as follows . . . (2) upon all other property of the lessee . . . usually kept on the premises." §83.08(2), *Florida Statutes.*

The court held that the lien which the landlord had acquired on the tenant's personalty by virtue of the statute, which was procedurally unperfected as in the instant case, did not give the landlord the right to assume and withhold possession of the tenant's property. The court also concluded that the statute did not provide or confirm in the landlord a self-executing possessory lien.

The holding in *Van Hoose* has been strengthened by legislative developments since that decision. *Van Hoose* was decided in favor of the tenant despite the fact that statutory and common-law distress were then available as remedies in the residential landlord-tenant relation. In 1973, the legislature abolished statutory and common-law distress for rent and provided the landlord a lien virtually identical to the lien established by §83.08, supra (which now applies only to non-residential tenancies).

We hold, then, that *Van Hoose v. Robbins*, supra, is controlling in determining the effect of the landlord's lien established in §713.691(1); that this statute "does not provide or confirm in the landlord a self-executing *possessory* lien." *Van Hoose v. Robbins*, supra, at page 212 (emphasis by the court.)

*Van Hoose* is also determinative of this case on another issue. In *Van Hoose*, the landlord filed an answer and counterclaim, but

failed to allege either abandonment or voluntary relinquishment of the leasehold. The court held —

> "Absent abandonment or voluntary relinquishment of the leasehold, the landlord's right to re-enter precedent to taking possession should appear as a matter of contract or be established by prescribed legal process. *Neither the answer nor the counterclaim in this case supplied the allegations necessary to effectively deny plaintiff's alleged right to possession.* (Id. at 211-212, emphasis by the court).

In the instant case, therefore, the landlord's failure to raise the issue of abandonment or voluntary relinquishment compels the conclusion that the tenant's right of possession — which is precisely what is at issue in an action for replevin — is superior to that of the landlord.

It is therefore ordered and adjudged that the judgment of the county court is reversed and this case is remanded to the county court with instructions to enter an order directing the clerk of the court to issue a writ of replevin for appellant's personal property described in his statement of claim in replevin.