## TOTINO v. PAN AMERICAN MOTORCARS, INC.
### Case No. 81 4410 CC 05
County Court, Dade County

August 28, 1981

### APPEARANCES OF COUNSEL

**Cesar De La Puente** for plaintiff

**Ira Silver** for for defendant

### OPINION OF THE COURT

THOMAS M. CARNEY, County Judge.

### *MEMORANDUM OPINION AND FINAL JUDGMENT*

This action was heard without a jury upon Plaintiff's amended complaint for removal of Defendant as a tenant for nonpayment of rent and for damages for past due rent. Defendant counterclaimed for damages alleging an independent tort based on breach of contract saying that Plaintiff maliciously destroyed his business by refusing to provide adequate air conditioning, by changing the locks on the premises, and by demanding rent previously paid. The evidence shows

that the parties entered into a written lease on January 14, 1981, and promptly disregarded every one of its terms. The evidence also shows a payment by Defendant to Plaintiff of $3001.00 on February 11, 1981. The check is inscribed with this legend; "for 1st and last month's rent, plus consruction" (sic).

Defendant's witness Joe Cardona testified that he paid this amount to get into the building as he had to leave his prior location. Defendant assumed it had the right to use the "construction" money to pay additional rent of about seven or eight months. No oral agreement on this issue was asked for, or obtained from Plaintiff. The evidence regarding the condition of the premises is susceptible of the conclusion that it was not finished but could be used for business. In fact it was used and the evidence shows that profit of $800.00 per week for two months was made and that no profit was made in the months of April and May. Evidence of bad blood between the parties is ample, consisting of the Plaintiff changing locks on the doors, phone trouble, and attempts by Plaintiff to obtain his own car dealer license from the Department of Motor Vehicles and to terminate Defendant's license.

Plaintiff claims that the "construction" amount (on the check aforesaid) is for changing four offices into three. The Court notes however that the lease, which is otherwise useless from an evidentiary point of view, states that three offices were to be rented and makes no reference to any responsibility on Defendant's party to pay for any construction. Plaintiff counters this by stating that Defendant asked for three different rooms than those contemplated (but not described) in the written lease. Plaintiff alleges that the rent was not $4425.00 as set forth in the lease but was increased to 4575.00. Defendant denies any such increase. Plaintiff states that "yes, the air conditioner breaks down frequently, because it is twenty five years old." The evidence shows that Plaintiff on the same premises suffered also, but the Court notes the suffering is far greater in Defendant's car sales office than in Plaintiff's car repair area.

THEREUPON, the Court makes the following

### FINDINGS:

1. The Court finds the Plaintiff has not established its rights to relief under a lease that was disregarded by Plaintiff and Defendant. The Court will also disregard it.

2. The Court finds the oral agreement of the parties to be for a sum of 4425.00 per month, on a month-to-month basis.

3. The Court finds that Defendant took occupancy on February 16,

1981, and that this date marks the commencement of the landlord and tenant relationship.

4. The Court finds that part of the agreement between the parties was for a finished commercially reasonable premises.

5. The Court finds that the premises remain unfinished and that consequently Plaintiff is in breach of its agreement with Defendant for failure to complete the work within reasonable time.

6. The Court finds that since Defendant has occupied the premises since February 16, 1981, that as of August 28, 1981, seven rental periods have passed. Since Defendant prepaid for the month of February, it owes $2,610.00 in rent.

7. Since the construction agreed upon has not been completed, the Court finds and treats the construction costs already on deposit with Defendant as a setoff against the rent presently owed. That the sum of $2,751.00, and the Court arrives at it by subtracting two months' rent from the sum on deposit, since the first month is past and paid, and the last month is yet to come. It should be noted that since the construction was to be done after occupancy, that the duty to pay the rent continues as an independent covenant. *Masser v. London Operating Co.*, 106 Fla., 474, 145 So. 79, 83 (1932)

8. The Court finds that Plaintiff is guilty of locking out Defendant and that this was an act of trespass upon Defendant's unforeclosed right of possession. *Van Hoose v. Robbins*, 165 So.2d 209 (Fla. 2d DCA 1964)

9. The Court finds that Plaintiff's acts in attempting to have Defendant's state license revoked to be clear and convincing evidence of a willful and wanton attempt to breach the oral lease of the parties. *Conner v. Atlas Aircraft Corporation*, 310 So.2d 352 (Fla. 3rd DCA 1975)

10. The Court finds the evidence of loss of profits due to Plaintiff's conduct, below the standard of a preponderance since it was a new business at a new location and could not in any way said to be ongoing. *New Amsterdam Casualty Co. v. Utility Battery Manuf. Co.*, 122 Fla., 718, 166 So. 856 (1936) The Court will, however, find nominal damages.

11. The Court will award a sum of punitive damages because of Plaintiff's willful and wanton conduct. ACCORDINGLY, it is

ADJUDGED:

The Plaintiff, Frank Totino, d/b/a Classics Ltd. of Miami Inc., take

nothing by this action, and that Defendant, Pan American Motorcars, Inc., go hence without delay and recover its cost to be later assessed.

And further, ADJUDGED

That Defendant, Counter Plaintiff, Pan American Motorcars Inc., recover from Plaintiff, Counter Defendant, Frank Totino, d/b/a Classics Ltd. of Miami Inc., the sum of $1.00 compensatory damages, and the sum of $3,500.00 punitive damages for which let execution issue.