WALLACE, Judge.
Southern Auto & Truck Brokers, Inc., a licensed Florida motor vehicle dealer, appeals a final judgment in favor of General Motors Acceptance Corporation (GMAC). The trial court ruled that GMAC was the owner of a 2003 Hummer H2, a motor vehicle to which both parties claimed superior title. The trial court also awarded GMAC damages under section 78.20, Florida Statutes (2003), for the depreciation in the Hummer’s value while the litigation was pending. We affirm, without comment, the trial court’s ruling on ownership. However, because there was no “taking” of the vehicle within the meaning of the statute, we reverse the damages award.
The Proceedings in the Trial Court
Southern Auto asserted multiple claims against GMAC in the trial court, including a claim for the replevin of the Hummer. At trial, GMAC claimed that it was obligated to hold the vehicle “at the Florida Auto Auction ... since GMAC was sued [by Southern Auto] in 2004.” Relying on section 78.20, GMAC argued that it was entitled to damages for the depreciation of the Hummer measured by the decrease in *445 the National Automobile Dealers Association (NADA) wholesale value from the day that GMAC took possession of the vehicle from Southern Auto through the date of the trial.[1] The trial court agreed and awarded GMAC $13,275 in depreciation damages. The trial court also ruled that GMAC was entitled to recover its attorney’s fees and costs under section 78.20. The final judgment included a reservation of jurisdiction to determine those amounts.[2]
Section 78.20
The trial court relied exclusively on section 78.20 as the basis for the damages award. This section, which appears in the chapter of the Florida Statutes concerning replevin, provides in pertinent part:
Judgment for defendant when goods retained by, or redelivered to, defendant. — When property has been retained by, or redelivered to, defendant on his or her forthcoming bond or upon the dissolution of a prejudgment writ and defendant prevails, he or she shall have judgment against plaintiff for his or her damages for the taking, if any, of the property, attorney fees, and costs.
(Emphasis added.) Under section 78.20, when property has been redelivered to the defendant “upon the dissolution of a prejudgment writ” or upon the defendant’s forthcoming bond and the defendant prevails in the replevin action, the defendant is entitled to judgment against the plaintiff for any damages resulting from the initial taking of the property, attorney’s fees, and costs. See Weigh Less for Life, Inc. v. Barnett Bank of Orange Park, 399 So.2d 88, 89-90 (Fla. 1st DCA 1981); see also Butler v. Mirabelli, 179 So.2d 868, 871 (Fla. 2d DCA 1965) (stating that section 78.20 sets out what the judgment is to cover in a case when the defendant who prevails in a replevin action is in possession of the property by virtue of his forthcoming bond).
Analysis
After a thorough review of the record, we conclude that section 78.20 is inapplicable under the facts of this case. To be sure, GMAC prevailed on Southern Auto’s claim for replevin. Nevertheless, the Hummer was never retained by GMAC or redelivered to GMAC “on [its] forthcoming bond or upon the dissolution of a prejudgment writ” as contemplated under the statute. GMAC took possession before the litigation began, and GMAC had exclusive use, possession, and control of the Hummer through the date of the trial. Contrary to GMAC’s implied claim about its purported obligation to hold the Hummer at the Florida Auto Auction, there was no court order in effect that required GMAC to hold the vehicle at any particular location until the conclusion of the litigation. Cf. McMurrain v. Fason, 584 So.2d 1027, 1033 (Fla. 1st DCA 1991) (“Ordinarily, a party in possession of property under a prejudgment writ of replevin is obligated to hold it in safekeeping pending the completion of the litigation to final judgment.”). If GMAC kept the vehicle at the auction site until the litigation was concluded, that was its choice. In short, there was no “taking” of the Hummer by Southern Auto within the meaning of sec *446 tion 78.20. Therefore, Southern Auto had no liability to GMAC for any damages compensable under the statute.
For these reasons, we affirm the final judgment to the extent that it determines the issue of ownership in favor of GMAC. We reverse the award of damages against Southern Auto.
Affirmed in part; reversed in part.
ALTENBERND and SALCINES, JJ., Concur.

. Acting through an agent, GMAC took possession of the Hummer at the residence of Southern Auto’s representative on March 10, 2004. The trial was held on April 17, 2006.

. On appeal, Southern Auto challenges the trial court's award of attorney's fees and costs to GMAC under the statute. However, these issues are not properly before us. The trial court only determined entitlement to fees and costs under the statute and did not establish amounts.